Opinion of the court.

---

J. G. BARBEE v. RUFUS STINNETT.

(Case No. 1454–4402.)

1. CASE FOLLOWED — SECOND ACTION — BOUNDARY.— Where, in an action nominally to try title to land, but really to determine the true locality of a divisional line between the litigants, the title of each party being admitted by the other, the final judgment is conclusive, and no right to a second action existed under the law in force before the adoption of the Revised Statutes. Spence v. McGowan, 53 Tex., 30, and Corporation of San Patricio v. Mathis, 58 Tex., 242, followed.

ERROR from Hamilton. Tried below before the Hon. T. L. Nugent.

*Eidson & Pierson* and *Anderson & Flint,* for plaintiff in error.

No briefs for defendant in error.

WEST, ASSOCIATE JUSTICE.— This is a second suit between the same parties. The object of each suit was the same. The title of each in both suits was admitted to be good. The evidence disclosed, and it was in fact practically conceded on all hands, that the only question in dispute was as to the true boundary line between the parties.

The character of this action, in which the title of each party is admitted, and the suit has no other object than merely to determine the division line between them, has been passed on and determined by this court.

In Spence v. McGowan, 53 Tex., 30, it was held that in such a case, where the question was, as in this case, not one of title, but of boundary alone, the plaintiff was not, under the statute then in force (but now repealed), entitled to his second action.

In the case of Corporation of San Patricio v. Mathis, 58 Tex., 242, for reasons there stated, it was deemed best, without opening the question for re-argument, to follow the decision made in Spence v. McGowan. The case of Bird v. Montgomery, 34 Tex., 713, though not authority (Taylor v. Murphy, 50 Tex., 295; Peck v. San Antonio, 51 Tex., 490), may be consulted on the subject.

It is due to the able and learned judge who presided at the trial of this case in the district court to state that it was tried before the decision in Spence v. McGowan was made known, that opinion being delivered at the Galveston term, 1880.

The judgment below will be reversed and judgment here rendered for the plaintiff in error.

REVERSED AND RENDERED.

[Opinion delivered October 16, 1883.]