JOHN A. O'NEAL ET AL. v. THE WILLS POINT BANK.

(Case No. 1920.)

1. APPEAL — DEMURRER — PRACTICE.— An injunction was sought to restrain the sale of a number of cattle under attachment and order of sale. The grounds were: (1) that a portion of the cattle were in the custody of the law; (2) that no valid levy was made on them, or a portion of them; (3) that a portion of them were exempt from forced sale. A general demurrer was sustained as to all the grounds except the first; plaintiffs declined to amend, and refused to proceed, and judgment was given on the injunction bond. *Held:*

   (1) That if the court below erred in not overruling the demurrer, the fact that the court sustained it in part was no excuse for the plaintiffs' dismissing their suit; the court ruled that there was good cause for injunction claimed as to part of the cattle.

   (2) The legal consequence of the failure to amend was not to put the suit out of court, but that result was brought about by the voluntary act of the plaintiffs, from which they had no right to appeal. The court could not have compelled them to proceed, and could only dismiss for want of prosecution.

   (3) The plaintiffs should have allowed the suit to proceed to final judgment, and, upon appeal from that judgment, the action of the court on the demurrer would have been subject to revision. The action of the plaintiffs was equivalent to a dismissal at their own request.

2. INJUNCTION — DEMURRER.— An injunction may be wholly dissolved upon sustaining a general demurrer to the bill.

3. PRACTICE.— The fact that four terms of the court elapsed between the filing of demurrers and their being passed upon is no reason for striking out the demurrers, when there is nothing in the record to show that the case was

ever called in regular order on the docket for trial until the date at which the demurrers were decided.

4. SAME.— If it had been so called and passed over, the presumption would be that this was done by agreement of the parties, and if such was not the case, it should have been made to appear by a bill of exceptions.

APPEAL from Van Zandt. Tried below before the Hon. Felix J. McCord.

The appellants, plaintiffs below, brought this suit to restrain the sale, under attachment and order of sale, of certain cattle owned by appellant O'Neal, for the following reasons, to wit:

1st. Because said cattle were in the custody of the law, and not subject to said attachment.

2d. Because no valid levy had been made on said cattle or a portion of them by said attachment.

3d. Because a portion of said cattle were exempt from forced sale to appellant O'Neal as the head of a family.

The defendant answered by general demurrer, special exception and general denial.

The court below sustained the general demurrer in part, holding that appellants had a good cause of action as to that portion of the property which was alleged to be in the custody of the law, and that appellants did not, by their pleadings, show a good cause of action as to that part of the cattle alleged to be exempt from forced sale, and also holding that the levy by notice, without additional possession in the officer, of the cattle in appellant O'Neal's actual possession, was a valid levy. The plaintiffs declined to amend, and there was judgment for appellee, on the injunction bond, for $380 and costs.

Among other things, the appellants assigned as error that the court erred in refusing to strike out the general and special exceptions filed by appellee, because they were not passed upon until four terms after they were filed.

*Kearby & McChesney*, for appellants.

*C. B. & S. B. Kilgore*, for appellee.

WILLIE, CHIEF JUSTICE.— The principal complaint of the appellants is that the court erred in sustaining a general demurrer to a portion of their cause of action, whilst it was overruled as to the balance. We are not prepared to say that this ruling was incorrect in view of the fact that an injunction as to a portion of the cattle was asked upon a ground which the court thought was tenable;

and, as to the remainder, upon grounds which the court thought were not. But admitting, for the purposes of this case, that the demurrer should have been overruled because good grounds were shown in the petition for enjoining the sale of a part of the cattle, the fact that the court sustained it in part was no excuse for the plaintiffs' dismissing their suit. They were still before the court with a cause of action which had been held good upon the face of their pleadings, and which, if proved, would have entitled them to a judgment. But they not only declined to amend, but refused to proceed with the cause after the ruling of the court upon the demurrer. They thereby, in effect, said that, although the court holds that we have shown one valid ground of complaint in our petition, we will not proceed with that because the court also holds that as to other matters alleged by us we have no good cause of action. The legal consequence of the failure to amend was not to put the suit out of court; but this result was brought about through the voluntary act of the plaintiffs, from which they have no right to appeal. The court could not force them to proceed with the cause against their wishes. It could do nothing else but dismiss for want of prosecution.

If the plaintiffs wished to have the ruling of the court upon the demurrer revised, inasmuch as it did not of itself dispose of the case, they should have allowed the suit to proceed to final judgment in favor of one or the other of the parties; and upon appeal from that judgment, the action of the court upon the demurrer would have been subject to revision. But, in refusing to proceed with the suit, they abandoned not only the cause of action held good by the court, but that which it had refused to sustain .

From the consequences of this voluntary abandonment they have no right to relief at the hands of this court. This is different from a case where·a demurrer is sustained to the entire cause of action, and the suit is dismissed because the plaintiff declines to amend. In such case the court refuses to allow the plaintiff to proceed, because, no matter what evidence may be produced, judgment must necessarily go for the defendant. But here the court was willing for the plaintiffs to proceed, and there was a necessity for their so doing, in order to establish the cause of action held to be good; but, without explanation or assigning reasons for their course, they refused to prosecute the suit further, which was equivalent to a dismissal at their own request. In the first case stated the plaintiff relies upon a petition which the court has pronounced bad, and does not abandon his suit; in this case the plaintiffs refused to rely upon

a petition held partly, but not wholly, insufficient, and forsake the cause altogether.

The appellants seem to recognize this dismissal of their cause, under the circumstances, as a correct ruling on the part of the court, and, in their motion for an arrest of the judgment, set up that it is not true, as recited in the judgment, that the plaintiffs declined to proceed further after the injunction was dissolved in part. The judgment does not recite that the plaintiffs declined to proceed at that time, but previously, when the demurrer was sustained and the privilege of amendment was tendered by the court. Besides, we must take the recitals of the judgment as correct, in the absence of a bill of exceptions, or some record evidence of its inaccuracy.

The other grounds set forth in the motion to arrest are insufficient. An injunction may be wholly dissolved upon sustaining a general demurrer to the bill; and the error committed by the court, in perpetuating the present injunction in part, is something of which the appellants cannot complain. It was a decree more favorable to them than they were entitled to have entered after abandoning their cause.

The court did not err in overruling the motion to strike out the demurrer and exceptions of the appellees. There is nothing in the record to show that the case was ever called in regular order for trial on the docket until the date at which the demurrers and exceptions were taken up and decided. Moreover, had it been so called and passed over, the presumption would have been that this was done by agreement of parties; and if such was not the case, the contrary should have been made to appear by bill of exceptions, or in some manner other than by the unsupported statement contained in a motion. Rule 25, Dist. Cts., 47 Tex., 621.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered November 24, 1885.]