### J. B. HARRELL ET AL. V. MARTHA HOUSTON.

(Case No. 5840.)

1. AGREED BOUNDARY LINE—EFFECT—If the boundary line between two tracts of land is drawn at the wrong place, and the respective owners expressly agree that it shall be the line between them, or accept it and acquiesce in it as the boundary line for a long period of time, it becomes their established division line.

2. CHARGE—PRACTICE—See opinion for omission in charge of the court held no ground for reversal, no special charge having been asked to cure the defect.

3. EVIDENCE—REVISED STATUTES, ARTICLE 2248—See facts for testimony prohibited by R. S., art. 2248.

4. BOUNDARIES—ACQUIESCENCE—IMPROVEMENTS—A controversy as to boundary lines between plaintiff and defendants was apparently settled by several surveys run in 1875, and plaintiff readjusted her fences to correspond with the boundary line claimed by defendants; defendants, in 1876, erected a fence on the land apparently abandoned to them by plaintiff. In 1883 another survey was made, which located the boundary line where plaintiff had originally asserted it to be. Plaintiff did not claim the fence erected in 1876, but ordered defendants not to remove it. On its removal she sued for its value. *Held:*

(1) If plaintiff had not lost her right to reclaim the land by her acquiescence in the line run in 1875, defendants had forfeited no claim to their improvements. (Saunders v. Wilson, 19 Tex., 201.)

(2) The fence did not become plaintiff's property if she declined to claim it, and for its removal she could not recover its value, when, if she had kept it, she would have been liable to defendants for the enhanced value of the land if it was hers.

5. ASSIGNMENT OF ERROR—PRACTICE—See facts for assignment of error not properly presented.

APPEAL from San Saba. Tried below before the Hon. A. W. Morsund.

Appellee brought this suit against appellants, J. B. Harrell, John W. Harrell and George Keeney, for damages, alleging that plaintiff was the surviving widow of Sterling A. Houston, who died in March, 1874; that she was administratrix of his estate, and was in possession of three hundred and twenty acres of land, survey No. 127, belonging to the community estate constituting their homestead, and situated in San Saba county; that in February, 1876, defendants ejected plaintiff from the possession of about one hundred and twenty acres of the tract; that they appropriated this land to their use for seven years, to the plaintiff's damage $1,155; that they carried off and appropriated eight thousand cedar rails, worth $400, and thereby damaged plaintiff's crop $200; she also claimed $75 attorney's fees, and $500 exemplary damages.

Appellants filed a general demurrer, five special exceptions, and claimed that the division line between their tract, survey No. 126, and

the adjoining tract of plaintiff, had long been agreed upon and established; that the fence had been constructed upon land which plaintiff's husband and plaintiff had conceded to defendants; that the fence had been put there by defendants in good faith, and was rightfully their property, etc.; that J. W. Harrell and George Keeney were in possession of survey No. 126, under J. B. Harrell, the owner, and had never trespassed on survey No. 127, but that all the land pastured and used by defendants was the property of J. B. Harrell, as was also the land on which the fence was built.

It appeared on the trial that the division line had been run several times, and that in 1875 plaintiff moved back her fence to the line claimed as the division line by defendants, and that shortly after defendants built the fence on the land apparently abandoned to them by plaintiff; that in 1883, the line was again run, and located at the place claimed by plaintiff, leaving the fence, in accordance with this last survey, upon plaintiff's land. Plaintiff admitted that she told defendants she did not claim the fence, but requested them not to remove it. The trial resulted in a verdict for plaintiff for $150.

Second assignment of error: The court erred in overruling appellants' three special exceptions, numbered respectively two, three and six, to appellees' petition.

Third assignment of error: The court erred in rejecting the evidence of J. B. Harrell, offered by defendant to prove the agreement of Sterling Houston, husband of the plaintiff, and J. B. Harrell, defining and fixing the boundary line between surveys Nos. 126 and 127.

The verdict of the jury was: "We, the jury, find that the parcel of land in controversy belongs to survey No. 127, and assess the damages at $150 in favor of plaintiff against John Harrell and George Keeney, defendants."

*Walters & Burleson,* and *Fisher & Fisher,* for appellants, cited: Houston *v.* Sneed, 15 Tex., 307; Sartain *v.* Hamilton, 12 Tex., 219.

No brief on file for appellee.

ROBERTSON, ASSOCIATE JUSTICE.—The plaintiff was not entitled to recover in this suit, unless she was the owner of the land between the disputed division lines. With respect to these lines, the pleadings and evidence presented two issues:

1. Which is the true line—the line run by the locating surveyor? If it is where the defendants claim it to be, the plaintiff could recover nothing.

2. If the true division line is where the plaintiff contends, then have not the owners of the two surveys made the other line the division line between them?

If they had the line extended at the wrong place, and then expressly agreed that it should be the line between them, or accepted and acquiesced in it as the division line from 1875 to 1883, it became their established division line, and the plaintiff could recover naught. The first of these issues was presented to the jury in the charge; the second, though distinctly presented in the pleadings, and at least supported by some pertinent and persuasive testimony, was entirely ignored by the court below. This was error, though not such as to require a reversal of the judgment, as no special charge was asked to cure the omission.

There was no error in rejecting the testimony of J. B. Harrell, as to what occurred between him and Sterling Houston, the plaintiff's deceased husband. The plaintiff sued as the representative, at least in part, of her husband's estate, and the testimony offered of a party to the suit is expressly prohibited by statute. R. S., art. 2248.

The testimony showed that the plaintiff, upon an extention of about the same line by three different surveyors in 1875, readjusted her own fences to correspond to the boundary asserted by the defendants to be the correct one. The defendants then erected the fence, the value of which was recovered by the plaintiff in this suit, on the land apparently abandoned to them by the plaintiff. If the plaintiff before that was the owner of the land, and, by her acquiescence in the line then acted upon, has not lost her right to recall her mistake, she can certainly be allowed the privilege only upon the recognition of the equities of the defendants. Their mistake was encouraged, if not caused, by hers, and if she has not lost her right to reclaim the land, the defendants have forfeited no claim to their improvements. Saunders v. Wilson, 19 Tex., 201.

If they had no right to remove the fence, she had none to keep it without compensation. If she kept the improvement, she would owe them the difference between the value of the land with, and its value without the fence. If this difference is greater than the value of the fence, she has rather profited than lost by its removal—if less, she is really damaged by the sum it is less, and not by the whole value of the fence.

There was no plea of improvements in good faith, and in the situation of the case, difficulties, perhaps insuperable, arise in the way of such an issue. But, if the defendants had held possession and forced the plaintiff to an action to recover the land, they could then undoubt-

edly, upon the facts presented in this record, have obtained compensation for the enhanced value of the land by reason of the fence.   Hous-v. Lund, 15 Tex., 308; Sartain v. Hamilton, 12 Tex., 219.

The plaintiff's rights are not grown any larger than if she had been compelled to litigate what was peacefully yielded to her.   She stated to one of the defendants that she did not claim the fence; they were entitled at once to the fence or its value.   She made the election for them to take the former, and she was not authorized to delay them until she could make a crop in their enclosure.

There was no case before the court to which the principle announced in the charge, that a fence erected on another's land, without consent, becomes the property of the owner of the land, and that the owner could recover its value if it was removed without his consent, could be applied.   The defendants erected the fence, in effect, with the plaintiff's consent; it did not become her property if she declined to claim it, and for its removal she could not recover its value, when, if she had kept it, she would have been liable to the defendants for the enhanced value of her land, if the land was hers.   The charge upon this issue was erroneous, and requires a reversal of the judgment.

The general demurrer to the plaintiff's petition was properly overruled.   The rulings on special exceptions are not presented in a proper assignment of error, and for that reason cannot be revised.   The pleadings upon both sides are unnecessarily prolix and confused.   The plaintiff claims damages wholly unwarranted by the evidence presented, and the answer does not present the defences relied upon with the distinctness that ought to characterize a pleading.   It would not be improper in such a case for the court to require the parties to replead.

The objection to the verdict of the jury is not well taken.   The defendants put the title to the disputed triangle in issue, and the verdict on that issue in favor of the plaintiff was a finding against all the defendants.   The judgment is reversed, and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 18, 1886.]