**BORDAGES et al. v. BURNETT et al.**
**(No. 522.)**

(Court of Civil Appeals of Texas. Beaumont.
April 10, 1920. Rehearing Denied
April 28, 1920.)

1. Pleading ⊜⇒224—Refusal to prosecute after general demurrer sustained to portion of complaint held abandonment of entire cause.

In a suit by stockholders of a corporation against its officers and directors to restrain them from participating in the management, from receiving salaries, and for a receivership, where a general demurrer was sustained to that portion of the petition seeking to have a receiver appointed, plaintiffs, by refusing to further prosecute their suit, *held* to have abandoned their entire cause of action.

2. Corporations ⊜⇒553(1)—Receiver not appointed in suit of minority stockholders where injunction will conserve interests.

A receiver would not be appointed at the suit of a minority stockholder where it did not appear that an injunction would not properly conserve the interest of the minority stockholders.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Suit by I. R. Bordages and others against S. G. Burnett and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Smith & Crawford, of Beaumont, for appellants.

Crook, Lord, Lawhon & Ney, of Beaumont, for appellees.

WALKER, J. In their opening statement, appellants say:

"This suit was filed in the district court of Jefferson county, Tex., on the 5th day of May, A. D. 1919, by T. S. Reed, M. Guiterman, and I. R. Bordages, stockholders of the Ineeda Laundry, in behalf of themselves, the other stockholders of the said Ineeda Laundry, and the Ineeda Laundry, a corporation having its domicile and principal place of business in Beaumont, Tex., and against Geo. H. Burnett, S. G. Burnett, Miss Mary Hodges, and Geo. R. Ibert, stockholders and directors of the Ineeda Laundry, and the Ineeda Laundry, a corporation, as aforesaid.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Plaintiffs allege that S. G. Burnett, the president of the corporation, owns a majority of the stock and names his brother and some of his employés as directors, with whom he confederates and obtains for himself an exorbitant and unreasonable salary; that he owns the building occupied by the business and takes through the board, the majority of which is composed of himself and his brother and employés who are his dummies, an exorbitant and unreasonable rent; that he continually diverts the funds of the company to invest in stock in another corporation; that through said means he receives other and various emoluments and privileges from the corporation; that he pursues an arrogant and oppressive conduct towards the plaintiffs; that he controls the corporation throughout in his own interest as opposed to the interest of the corporation; and that that is a continuous course and policy of said Burnett which he is enabled to pursue by virtue of his owning a majority of the stock and naming dummy directors who collude with him to that end over the constant protest and appeals of the plaintiffs; and plaintiffs pray for an accounting for the sums that have been so unlawfully taken and diverted, for injunction, and for a receiver to take charge of the affairs, and for general relief.

"The general demurrer of defendants Geo. H. Burnett, Miss Mary Hodges, Geo. R. Ibert, and Ineeda Laundry to plaintiffs' petition was sustained, and, the plaintiffs declining to amend, the suit was dismissed as to said parties."

Plaintiffs' petition closed with the following prayer:

"Premises considered, plaintiffs, M. Guiterman, T. S. Reed, and I. R. Bordages, pray that the court grant its writ of injunction restraining the said S. G. Burnett from further acting as president or otherwise in the management of the affairs of said Ineeda Laundry, and enjoining him from further receiving any of the salary or rent hereinbefore mentioned and described, and further enjoining him from in any manner dominating and controlling the directors, Miss Mary Hodges, Geo. H. Burnett, and Geo. R. Ibert, and any other dummy director hereinafter qualified and appointed by him and through his influence, in the management and control of the Ineeda Laundry business, and especially with reference to the payment to himself of salary and rent and any other business affecting his private and personal interest; and that the court appoint a receiver to take charge of the affairs of said Ineeda Laundry and manage the same pending this litigation, and that upon a final hearing hereof such writs and receivership be made permanent; that Ineeda Laundry have an accounting with the said S. G. Burnett and that it have its judgment for such amounts as may be found due it by the said S. G. Burnett, including the items of salary and rent above set forth, and that the business of the said Ineeda Laundry be wound up, either by the sale of its properties or otherwise, as the court may decide to be to the interest of all parties concerned, and that the plaintiffs be adjudged all costs in this behalf expended, and that such other and further relief, general and special, be granted as to the court may seem proper," etc.

After the court had sustained the general demurrer to that portion of the petition seeking to have a receiver appointed to take charge of the properties of the Ineeda Laundry and sell them and close up the business and divide the proceeds, appellants refused to prosecute their suit as to S. G. Burnett, wherein they sought judgment against him for the excess of salary and rent and funds diverted by him. In oral argument they admitted to us that by refusing to further prosecute the suit they were not in position to complain of the action of the court in dismissing their cause of action against S. G. Burnett, but they do insist that we should review the action of the court in sustaining the general demurrer as to their count for a receiver for the corporation.

It would seem from the announcement of the Supreme Court in O'Neal v. Bank, 64 Tex. 644, that appellants abandoned their entire cause of action when they refused to prosecute their suit against S. G. Burnett after the court had sustained the general demurrer as to the count for receivership. In the O'Neal Case, Chief Justice Willie said:

"The principal complaint of the appellants is that the court erred in sustaining a general demurrer to a portion of their cause of action, whilst it was overruled as to the balance. * * * The legal consequence of the failure to amend was not to put the suit out of court; but this result was brought about through the voluntary act of the plaintiffs from which they have no right to appeal. The court could not force them to proceed with the cause against their wishes. It could do nothing else but dismiss for want of prosecution. If the plaintiffs wished to have the ruling of the court upon the demurrer revised, inasmuch as it did not of itself dispose of the case, they should have allowed the suit to proceed to final judgment in favor of one or the other of the parties; and upon appeal from that judgment, the action of the court upon the demurrer would have been subject to revision. But, in refusing to proceed with the suit, they abandoned not only the cause of action held good by the court, but that which it had refused to sustain."

[1] We are unable to distinguish this case from the O'Neal Case, and if the announcement of the Supreme Court in that case is the law, then, in refusing to prosecute their suit after the court had sustained a general demurrer to a portion of the same, we must hold that they abandoned their entire cause of action, and that their acts had the same effect as a voluntary nonsuit. It is with reluctance that we take this view of the proposition involved, for in reason we are not able to see why the action of the court in sustaining the general demurrer should not be reviewed.

If we are in error in our construction of the O'Neal Case, then, under the rule uniformly followed by the Courts of Civil Ap-

peals in Texas, the court correctly sustained the demurrer as to that portion of plaintiffs' petition seeking the appointment of a receiver for the corporation.

In People's Investment Co. v. Crawford, 45 S. W. 740, Justice Neill said:

"To wind up the affairs of the appellant corporation, and after paying its liabilities, if any, to distribute the proceeds of its assets among its stockholders, is one of the objects for which the appointment of the receiver was sought in this case. * * * This is done at the instance of a minority of the stockholders, contrary to the wishes of a majority; and that, too, by stockholders who have no pecuniary demand against the corporation, and whose only grievance is the mismanagement of its officers and directors of its corporate affairs. Independently of their alleged grounds for a receiver, they have no cause of action against appellant which entitles them to recover anything. And, as the appointment of a receiver is an ancillary remedy, they are, in the absence of a cause of action entitling them to something more than a receiver, not entitled to such appointment. Cattle Co. v. Bindle, 5 Tex. Civ. App. 21–23, 23 S. W. 819; French Bank Case, 53 Cal. 553."

Again, Justice Neill says:

"A court of equity has no authority, unless conferred by statute, to wind up the affairs of a corporation at the suit of a stockholder, except, possibly, where the object of a corporation has become manifestly impossible of attainment. There is no statute in this state authorizing a court of equity to wind up the affairs of a corporation at the suit of a stockholder. Consequently a court of equity, with us, has no power to appoint a receiver of a corporation ancillary to a stockholder's suit to wind up its affairs."

See, also, Crow v. Cattlemen's Trust Co., 198 S. W. 1047; Kokernot v. Roos, 189 S. W. 505.

Fletcher, Cyc. Corp. vol. 8, p. 9158, § 5548, says:

"Most of the decisions, in stating the general rule that minority stockholders cannot sue to dissolve unless authorized by statute, state the rule unqualifiedly and without recognizing any exception, or at least not recognizing any exception in case of fraudulent mismanagement of the corporation by the majority stockholders. And in many jurisdictions it is expressly held that fraud or mismanagement does not authorize a suit for dissolution by a stockholder."

[2] But even those jurisdictions recognizing the rule that a court of equity, under certain conditions, can appoint a receiver in the suit of a minority stockholder, limit the relief to such cases where the rights of the minority cannot be protected in any other way. Taking plaintiffs' petition in its strongest allegations against Burnett, it does not appear but what an injunction would properly conserve the interests of these minority stockholders.

Hence, whether or not the rule announced in the O'Neal Case should govern this case, we believe the trial court correctly disposed of the issues involved; and hence the judgment in this case is in all things affirmed.