## BOND et al. v. KIRBY LUMBER CO.
### (No. 1631.)

Court of Civil Appeals of Texas. Beaumont. Dec. 22, 1927.

Rehearing Denied Feb. 1, 1928.

**1. Judgment ☞567—Adverse claimants under different surveys, having settled controversy by agreed judgment, could not subsequently relitigate issue as to true boundary.**

Where claimants to land under different surveys settled controversy by an agreed judgment, neither party could afterwards relitigate issue as to true location of boundary line.

**2. Judgment ☞682(1)—Subsequent purchasers are estopped to question boundary line as determined by agreed judgment settling disputed question.**

Where claimants to land under different surveys settled controversy by an agreed judgment, subsequent purchasers are estopped to question location of boundary as settled, since judgment on its face was notice to them that their vendor had acquiesced in such boundary.

**3. Evidence ☞274(6)—Letters between original owners constituting agreement on which agreed judgment settling boundaries was based held admissible.**

In suit in the form of trespass to try title to land, boundaries of which had originally been determined by agreed judgment between original owners, letters between original owners constituting agreement on which judgment was based *held* properly admitted as constituting declarations by grantees' remote vendor while title was in him and while he was in possession.

**4. Boundaries ☞36(3)—Map material on issue of lines determined by agreed judgment settling boundaries held admissible.**

In suit in the form of trespass to try title, map made a part of surveyor's report to General Land Office and material on location of lines determined in agreed judgment settling boundaries between original owners *held* properly admitted.

**5. Evidence ☞370(7)—Admission in trespass to try title of certain deeds, unrecorded for 10 years and without proof of execution as at common law, held not error (Acts 40th Leg., 1st Called Sess. [1927] c. 73).**

Under Acts 40th Leg., 1st Called Sess. (1927) c. 73, effective June 7, 1927, admission in suit in the form of trespass to try title of certain deeds, which had not been recorded for 10 years, and without proof of execution as at common law, *held* not erroneous.

**6. Dismissal and nonsuit ☞60(1)—Motion to dismiss for want of prosecution held properly denied, where plaintiff had diligently tried to arrange for trial.**

Where plaintiff filing case in 1922 which was tried in 1927 had never asked for continuance, but had diligently tried to arrange for trial before qualified judge, motion to dismiss case for want of prosecution was properly overruled.

**7. Action ☞50(1)—Plea of misjoinder held properly sustained in trespass to try title, where cross-action involved other land.**

Where defendant in suit in the form of trespass to try title filed cross-action involving many tracts of land in no way connected with land claimed by plaintiff, trial court properly sustained plea of misjoinder of causes of action and parties.

**8. Appeal and error ☞1040(3)—Voluntary dismissal of cross-action rendered harmless any error in sustaining plea of misjoinder.**

Action in sustaining plea of misjoinder of causes of action, if error, was rendered harmless by defendants' action in voluntarily dismissing entire cross-action except as to land involved in original suit.

Appeal from District Court, Jasper County; John Watson, Judge.

Suit by the Kirby Lumber Company against W. P. Bond, Miller-Vidor Lumber Company, and another, wherein defendant first named filed a cross-action and impleaded W. H. Stark, and wherein last-named defendant impleaded W. H. Stark and another. From the judgment, defendants named appeal. Affirmed.

C. A. Lord, of Beaumont, and John B. Warren, of Houston, for appellants.

Andrews, Streetman, Logue & Mobley, and Kennerly, Williams, Lee, Hill & Sears, all of Houston, for appellee.

WALKER, J. This suit was instituted in the form of trespass to try title by appellee, Kirby Lumber Company, against W. P. Bond, Miller-Vidor Lumber Company, and Buna State Bank, to recover the title and possession of T. & N. O. section 11, in Jasper county, Tex., except 111 acres off the west side of that survey, as appellee located it upon the ground. Buna State Bank filed a disclaimer. Bond answered by plea of not guilty and pleas of estoppel. He also filed a cross-action against the plaintiff for eight separate tracts of land located in different parts of Jasper county. He also impleaded W. H. Stark on his warranty and bond for title. Miller-Vidor Lumber Company answered and impleaded Stark and Bond on their warranties. The plaintiff, Kirby Lumber Company, answered the cross-action against it by a plea of misjoinder of causes of action and of parties, which plea being sustained, Bond dismissed his entire cross-action against Kirby Lumber Company and also against Mr. Stark on his warranty, except as to section 11. At the close of the evidence a verdict was instructed by the court in favor of Kirby Lumber Company for the land sued for and in favor of Stark on his warranty. Also, the court instructed a verdict in favor of Miller-Vidor Lumber Company against Bond on his warranty. From the judgment entered on this

verdict, Bond and Miller-Vidor Lumber Company have duly perfected their appeal.

This suit grows out of the uncertainty as to the location on the ground of the west boundary line of T. & N. O. section 11, which uncertainty relates to the entire system of fourteen T. & N. O. surveys, Nos. 1 to 14, of which the section in controversy is No. 11, surveyed and located in 1875. Afterwards, these surveys were relocated by Captain Kellie, a prominent surveyor of Jasper county, and in locating them he moved the series east and north of the location contended for by Kirby Lumber Company. In 1905 Mr. George M. Williams, a state surveyor, went upon the ground, resurveyed this series, and reported his work to the General Land Office, which recognized it as correct. The effect of Mr. Williams' report was to move each of the T. & N. O. surveys, Nos. 1 to 14, 351 varas west of the Kellie location. Recognizing the Williams location of T. & N. O. survey No. 11 as being correct, the T. & N. O. Railroad Company instituted suit against B. W. Johnson to recover section 11. Johnson had no record title, but was claiming certain land by limitation. As the plaintiff in that suit located section 11 on the ground, Johnson was claiming and was in possession of a part of its land. That suit was settled by an agreed judgment, dated June 7, 1909, awarding Johnson, under his limitation claim, 111 acres off the west side of section 11 as the plaintiff in that suit located that section upon the ground. This specific tract of 111 acres was thus described in the judgment:

"Beginning at the N. W. cor. of Section No. 11 and N. E. cor. of Sec. No. 12, from which pine 20 in. brs. S. 6¾ deg. E. 8.6 vrs. do. brs. S. 73 deg. W. 8.7 vrs.

"Thence with N. line of Sec. No. 11 N. 89 deg. 40' E. 351 vrs. to a point in E. line of Sec. No. 12, as erroneously located by Kellie.

"Thence with said Kellie line S. 0 deg. 20' E. 1900.8 vrs. to the S. E. corner of this tract.

"Thence W. 308 vrs. to the S. W. corner of Sec. 11.

"Thence with same N. 0 deg. 54' W. 1900.8 vrs. to the place of beginning.

"It further being a part of this judgment that the boundary lines of the T. & N. O. surveys as made and located and recognized by this judgment to be the correct boundary lines of these surveys, and it shall stand as the true boundaries as made by the location of said T. & N. O. surveys; and the portion which the said Johnson recovers hereby is not by superior title of any valid location, but is by virtue of use and occupation and claim thereto and by virtue of the statutes of limitation of the state."

Johnson's title to the 111 acres awarded him by the judgment passed to W. H. Stark and was conveyed by Stark to Bond, and by Bond to Miller-Vidor Lumber Company. The title of the T. & N. O. Railroad Company to the balance of section 11 passed to Kirby Lumber Company and was owned by it at the time the suit was filed.

The west line of section 11, as described in the aforesaid judgment, was the line located by Williams and reported by him to the General Land Office. The Kellie line was on the ground at the time that judgment was entered, and extended across the west side of T. & N. O. section 11, 351 varas east of the Williams line. The location on the ground of these two lines was shown upon the trial of this cause without dispute. In fact, there was no controversy whatever on the trial as to the location of the Williams west line and of the Kellie west line. These locations were known by defendant Bond, who testified to that effect. The surveyors offered by him also knew the location of these two lines. Some of the surveyors recognized the Kellie line as the true location of the west line of section 11, but other surveyors accepted the Williams line as the true line of section 11.

On these facts Bond defended the suit, on the theory that the Kellie line was the true west line of section 11, and that the 111 acres awarded Johnson in his suit against the T. & N. O. Railroad Company lies east of the Kellie line. The Kirby Lumber Company claimed all the land lying east of the Kellie line, but conceded to the defendant, under the Johnson judgment, the land between the Kellie line and the Williams line, on the theory that the T. & N. O. Railroad Company and Johnson had located on the ground the land awarded to Johnson, and the true location of the west boundary line of section 11 was not an issue in this case.

[1, 2] The Kirby Lumber Company was correct in its theory of the law, and on the undisputed facts judgment was properly rendered in its favor for the land claimed by it in its petition. Of course, no question could have arisen between the T. & N. O. Railroad Company and Johnson as to the location of the land awarded him, they having agreed between themselves upon the location of the west boundary line of section 11, and having further agreed that the Kellie line was not the true line of section 11, and having agreed that the Kellie line was Johnson's east boundary line, and the Williams line was Johnson's west boundary line. Thus locating Johnson's land between the Kellie line on the east and the Williams line on the west, neither could afterwards relitigate the issue as to the true location of the west boundary line. In fact, it was specially decreed by the judgment that the west boundary line of the Johnson 111 acres was the west boundary line of section 11. McArthur v. Henry, 35 Tex. 802; Harrell v. Houston, 66 Tex. 278, 17 S. W. 731; Levy v. Maddox, 81 Tex. 210, 16 S. W. 877; McKeon v. Roan (Tex. Civ. App.) 106 S. W. 404. It is the law of Texas that a judgment as to boundaries is res adjudicata. Barbee v. Stinnett, 60 Tex. 167; King v. Henderson (Tex. Civ. App.) 69 S. W 487; Tompkins v. Hooker (Tex. Civ. App.) 200 S. W. 193; Han-

rick v. Gurley, 93 Tex. 461, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Oklahoma v. Texas, 256 U. S. 70, 41 S. Ct. 420, 65 L. Ed. 831. Holding under Johnson, Bond and Miller-Vidor Lumber Company are as completely estopped to open this question as was Johnson. The judgment on its face was notice to them that their vendor had acquiesced in the Williams line as the true west line of his land, and had abandoned all claims based on the Kellie line. Since the judgment on its face located Bond's land, he cannot now say that the calls in the judgment, "beginning at the northwest corner of section No. 11," and other calls for the lines and corners of section 11, meant the true location. There is nothing, therefore, in his pleas of estoppel.

[3] The trial court admitted, over appellants' objection, the letters between Johnson and the T. & N. O. Railroad Company constituting the agreement upon which the judgment in Johnson's favor for the 111 acres of land was based. This was not error. These letters were declarations by defendants' remote vendor while the title was in him and while he was in possession, which declarations constitute the source of his title. Hancock v. Tram Lumber Co., 65 Tex. 225; Martin Lumber Co. v. Samuel Hastings Co. (Tex. Civ. App.) 198 S. W. 1076. In Hancock v. Tram Lumber Co., it was said:

"Declarations of the person through whom defendants claim, made while title was in him, would be admissible as against them, to show the extent of his interest and the character of his holding."

This authority is directly in point on the facts of this case. We do not understand that appellants controvert the soundness of the proposition quoted, but insist that the letters were not admissible on the ground that, by calling for the corners and lines of section 11 in the Johnson judgment, the parties to that judgment used language which misled these defendants in their purchase of the property and caused them to believe that the true location of that survey was meant and not the agreed location of that survey, and, having been deceived by the plaintiff's remote vendor, the letters upon which the judgment was entered were not admissible. What we have already said disposes of that proposition.

[4] For the reasons thus discussed, the court did not err in receiving the Williams map made as a part of his report to the General Land Office, for under the record here made the location of the agreed lines in the judgment in Railroad Company v. Johnson was the only question before the court, and this map was material on that issue.

[5] Appellants assign error against the admission of certain deeds, on the ground that they had not been recorded for ten years, and that their execution was not proven as at common law. This proposition is based upon the omission by the 1925 codification of certain language from article 3700 of the 1911 statutes. It is not necessary for us to determine the effect of that omission, since it was corrected by the Act of the Fortieth Legislature, chapter 73, Special Session (1st Called Sess.), effective June 7, 1927. The ruling of the court can also be sustained upon the agreement made by counsel.

[6] The trial court did not err in overruling appellants' motion to dismiss the case for want of prosecution. The case was filed in 1922 and tried in July, 1927. The district judge of Jasper county was disqualified. Appellee never asked for a continuance, but had diligently tried to arrange with appellants for a trial before a qualified judge. If negligent in the prosecution of its case, which appellee was not, appellants were equally culpable. At the time the motion to dismiss was presented, appellee was ready for trial, and at that term the case was tried. The following propositions by 18 C. J. are decisive against appellants. On page 1193, it is said:

"Where it is impossible to try a cause in its regular order, the action will not be dismissed for failure to proceed to trial, and this is so, although the case had been noticed for trial."

On page 1194, it is said:

"The dismissal of a case for want of prosecution should not be allowed where the delay has been caused or acquiesced in by defendant, or where he has been equally negligent in the prosecution of a counterclaim interposed by him, or where, as provided under some statutes, the parties have stipulated for an extension of time."

See, also, Roemer v. Shackelford (Tex. Civ. App.) 23 S. W. 87; Beasley v. Keck (Tex. Civ. App.) 280 S. W. 855; Cain v. Wharton (Tex. Civ. App.) 196 S. W. 952; Hinkle v. Thompson (Tex. Civ. App.) 195 S. W. 311.

[7] The trial court properly sustained the plea of misjoinder of causes of action and of parties, since the cross-action of appellants involved many tracts of land in no way connected with the land claimed by appellee.

[8] But, conceding that the plea was erroneously stricken, the error was rendered harmless by the action of appellants in voluntarily dismissing their entire cross-action except as to the land involved in the suit of Kirby Lumber Company. O'Neal v. Bank, 64 Tex. 644; Bordages v. Burnett (Tex. Civ. App.) 221 S. W. 326.

As we understand appellants' brief, all propositions brought forward are disposed of by what we have said. The judgment of the trial court is in all things affirmed.