## ROBERTS v. CHADWICK et al.
### No. 11695.

Circuit Court of Appeals, Fifth Circuit. Dec. 10, 1946.

Judgment affirmed.

J. N. Saye, of Longview, Tex., for appellant.

Thomas Fletcher, of Houston, Tex., and Thos. B. Ramey, of Tyler, Tex., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

D. D. Chadwick and his wife, Anna, owned 750 acres of land in Panola County, Texas, an alleged 200 acres of which prior to 1936 they had set off as their homestead. In 1936 they conveyed the land not set off to three of their children, Noble, Gladys, and Matylu Chadwick. Soon after, D. D. Chadwick died. In April, 1940, Noble, Gladys, and Matylu Chadwick, joined by their mother, Mrs. Anna Chadwick, conveyed the nonhomestead acres, less a few acres not here in dispute, to A. D. Roberts and his wife, Betsy. During the same month, A. D. Roberts employed one Land to survey the acreage he had acquired and the acreage in the Chadwick homestead. In surveying the original Chadwick 750 acres, Land located with bearing trees and iron stakes the division line between the Chadwick homestead land on the south and the Roberts land on the north. The correctness of the location of this line is the matter in dispute in this suit. Prior to the Land Survey neither party knew the correct location of the boundary line. In the preparation of the survey the Chadwicks cooperated with Land, and after the work was completed the Robertses furnished the Chadwicks with a plat of the survey showing the division line. The Robertses immediately built a fence on this line, and the respective parties, by their use of the land up to and on their side of the fence, recognized it as the common boundary between their respective estates. As established, there was set off to the Robertses 550 acres, more or less, north of the division line and to the Chadwicks 200 acres south of it.

In a deed to plaintiff dated 1940, conveying a half interest in a tract not here involved, Roberts referred to the line established by Land as the north boundary of the Chadwick homestead. In a deed reconveying the same interest to A. D. Roberts, dated October, 1941, plaintiff referred to the same line. Later, in another deed also covering land not here in dispute, dated February, 1942, A. D. Roberts referred to the line established by Land as the south boundary line of a "tract of land purchased by A. D. Roberts from the Chadwick heirs."

In 1944, A. D. Roberts employed a second surveyor, one Klotz, to resurvey the property he had acquired from the Chadwicks in April, 1940. Klotz fixed the division line farther south than the line marked by Land. The new line located 35.98 acres of the original 200-acre Chadwick homestead as a part of the land A. D. Roberts purchased from the Chadwicks. On January 3, 1945, A. D. Roberts and his wife, Betsy, conveyed this 35.98 acres to plaintiff, a resident and citizen of Caddo Parish, Louisiana.

Alleging diversity of citizenship and jurisdictional amount, plaintiff brought this suit against the Chadwicks, residents and citizens of Panola County, Texas, to recover title and possession of the 35.98 acres. The Union Producing Company, holding oil, gas, and mineral leases covering the 35.98 acres, intervened as party defendant. The defendants and intervenor asserted in defense that an agreement between A. D. Roberts and the defendants concerning the line run by Surveyor Land estopped the privies in blood and estate of A. D. Roberts from denying the division line.

At the close of the evidence, in a jury trial, upon the motion of the defendants

and the intervenor, the court below directed a verdict in favor of the defendants and the intervenor. The court said: "I think the testimony is conclusive, as a matter of law, that there has been an agreement about this boundary line between the parties, and the agreement is shown by the fact that Mr. Roberts, who bought this land, built his fence there upon what they considered to be the property line between these two properties. Now, that's the one exception to and departure from the general rule about requiring conveyances of a man to be in writing where parties are confused or uncertain about the existence of party lines or boundary lines between properties, and where they agree to a boundary line, whether that be the true or property line, if they agree and act on it, that settles the matter, regardless of where the true property line is. I think the evidence is conclusive and overwhelming to the effect that there has been an agreement about the boundary based on a survey made by Mr. Land, and that is evidenced by the fact Mr. Roberts went out and established this very substantial fence across [upon] that line, and, further, the line as established has not only been agreed upon by the parties but recognized by them and acquiesced in by them, and Roberts on the north cultivated or used the land for cattle or a hog pasture, whatever it was, to that line, and the Chadwicks on the south using and cultivating the land to the line, and numerous conveyances of interest in the land north of the line and based on the line have been made by the Robertses * * *." We agree with the ruling of the trial court.

Under the Texas law, the establishment by express or implied agreement of a common boundary line, theretofore unknown, between two contiguous estates by the owners thereof and the fencing of the line accompanied by the subsequent use of the land on each side by the respective owners estop them from questioning the line.[1]

Furthermore, under the Texas law, a deed from one landowner with recitals referring to a common boundary line established by agreement of the owners of the contiguous estates estops the grantor and his privies in blood and estate from denying the existence of the line.[2]

The undisputed facts of this case make applicable these Texas rules of law.

The judgment appealed from is affirmed.

[1] Coleman v. Smith, 55 Tex. 254; Gulf Oil Corp. v. Marathon Oil Co., 137 Tex. 59, 152 S.W.2d 711; Harne v. Smith, 79 Tex. 310, 15 S.W. 240, 23 Am.St.Rep. 340; Grawunder v. Gotoskey, Tex.Civ. App., 204 S.W. 705; Hay v. Briley, Tex. Civ.App., 43 S.W.2d 301; Shelor v. Humble Oil & Refg. Co., Tex.Civ.App., 103 S.W.2d 207; Gulf Oil Corp. v. Timms, Tex.Civ.App., 116 S.W.2d 940.

[2] Simonds v. Stanolind Oil & Gas. Co., 134 Tex. 332, 114 S.W.2d 226; Havard v. Smith, Tex.Civ.App., 13 S.W.2d 743; Greene v. White, 137 Tex. 361, 153 S.W. 2d 575, 136 A.L.R. 626; Wise v. Haynes, Tex.Civ.App., 103 S.W.2d 477.