**DONNER CORPORATION and H. L. Brown, Appellants,**

v.

**UNION PRODUCING COMPANY et al., Appellees.**

**E. W. BROWN, Jr., et al., Appellants,**

v.

**DONNER CORPORATION and H. L. Brown, Appellees.**

**No. 20147.**

United States Court of Appeals Fifth Circuit.

, Feb. 28, 1964.

Rehearing Denied March 31, 1964.

J. D. Wheeler, A. W. Worthy, San Antonio, Tex., Sewall Myer, Houston, Tex., Boyle, Wheeler, Gresham, Davis & Greg-

ory, San Antonio, Tex., Sewall Myer, Houston, Tex., of counsel, for appellant.

George W. Brown, Jr., Beaumont, Tex., for appellees E. W. Brown et al.

Homer Mabry, Houston, Tex., for appellee Kurth.

Abe Gollob, Houston, Tex., for appellee Edmunds.

Thomas Fletcher, John L. Daniel, Gwynne E. Old, Houston, Tex., for appellee Union Producing Co.

Before HUTCHESON and BROWN, Circuit Judges, and SIMPSON, District Judge.

PER CURIAM.

The nature and result of the case, from the judgments in which these appeals come, may be thus clearly and sufficiently set out. Union Producing Company filed a bill of interpleader for decision and determination of the rights of all parties in the proceeds from the sale of production of Union Producing Company-Brown No. A-1 well in the Doty Field in Orange County, Texas. With the bill, Union deposited in the Registry of the Court proceeds, then accrued, to cover the interests of claimants however the Court might decide, which sum, together with monthly payments into the Registry thereafter permitted by Court order, at the time of judgments amounted to $528,054.23.

The bill alleged, and the record reflects, that Union, as lessee of E. W. Brown and of the Collier Heirs covering the John Collier Survey, A–55 in Orange County, Texas, entered on that Survey and drilled a well, dry because on the wrong side of a fault. Thereupon, pursuant to express consent from E. W. Brown and his four sons, it whipstocked to the west and completed the well as a gas-condensate well.

Upon completion, H. L. Brown notified Union that the division line between him and E. W. Brown in a partition deed to which they were parties, when properly located would result in the bottom of such well being situated on land owned by him and not on the Collier Survey owned by E. W. Brown et al.

Union owned an oil, gas and mineral lease from H. L. Brown. To protect its investment and expenses of operating the well, it obtained a letter agreement with H. L. Brown which provided that if H. L. Brown should be determined the owner, said well would come under and be governed by the identical terms and provisions of such lease. Union, H. L. Brown, and Donner stipulated that Donner was bound by that understanding.

Upon the H. L. Brown notice, Union accrued all proceeds from first production. For a period of close to ten years H. L. Brown and E. W. Brown, who are brothers, engaged in conferences and negotiations seeking, in good faith, some adjustment and settlement of the boundary dispute. These failing, the interpleader suit was filed.

The evidence disclosed unvarying conduct, and continuing actions beginning in 1937 and 1938, in which the two brothers were principals, and which, without contradiction clearly and convincingly established an agreed boundary between them conclusive of the dispute.

The record is all to the effect that such agreed division line, i. e., the west line of the John Collier Survey, Abst. 55, is a line, found and identified on the ground, repeatedly marked, monumented and used by H. L. Brown and E. W. Brown as an agreed boundary line as said line was intended to lie upon the ground by said partition deed.

The trial court submitted two special issues to the jury, one to be answered, as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the bottom of the well known as the Brown A-1 is located upon land owned by E. W. Brown, Jr. and his four sons, et al?"

"Special Issue No. 2. Do you find from a preponderance of the evidence that the well known as Brown A-1 Well is located upon land formerly owned by H. L. Brown, now owned by his grantee, Donner Corporation?"

"Answer, 'It is' or 'It is not'."

No party excepted to the trial court's submission; all parties agreed that it was a fair, correct, and adequate submission. H. L. Brown advised the court, " * * * that that is a fair submission of the issue, Your Honor".

The jury answered Special Issue No. 1. "It is".

Thereupon the trial court heard and considered motions of Union, E. W. Brown, his four sons, and Collier Heirs for judgment on the verdict, and the reserved motions for directed verdict by H. L. Brown. The H. L. Brown motion for directed verdict was denied, and the court entered a "take nothing" judgment against H. L. Brown and in favor of all other parties, finding and adjudicating upon the verdict that the bottom of the well known as Brown A-1 well was located on the Collier Survey on lands owned by E. W. Brown and the Collier Heirs, unitized with lands owned by the four sons of E. W. Brown.

While the record is long and the briefs are voluminous and to some extent confusing, we are of the clear opinion: that the finding of the jury is supported by ample, indeed overwhelming, evidence of an agreed boundary line which established, not only as matter of fact but as matter of law, the fact found by the jury,[1] and made the basis of the trial court judgments; that no substantial error in the course or conduct of the trial is made to appear; and that the judgments appealed from must, therefore, be Affirmed.

1. Cf. Schiele v. Kimball, Tex.Civ.App., 150 S.W. 303; Hefner v. Downing, 57 Texas 576, 580; Davis v. Smith, 61 Texas 18, 23; Lecomte v. Toudouze, 82 Tex. 208, 17 S.W. 1047; Shelor v. Humble Oil & Ref. Co., Tex.Civ.App., 103 S.W.2d 207; Harrell v. Houston, 66 Tex. 278, 17 S.W. 731; Coleman v. Smith, 55 Tex. 254; Cooper v. Austin, 58 Tex. 494; Gulf Oil Corp. v. Marathon Oil Co., 137 Tex. 59, 152 S.W.2d 711; Roberts v. Chadwick, 5 Cir., 158 F.2d 374; 6 Thompson on Real Property, Sec. 3304.