

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00184-CR

_____

CRISTOBAL JOSE OLAGE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1538442R

---

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

A jury convicted Appellant Cristobal Jose Olage of continuous sexual abuse of a young child and indecency with a child and assessed his punishment at confinement for forty-five years and twenty years, respectively. The trial court sentenced him accordingly. On appeal, Olage does not challenge the sufficiency of the evidence supporting his convictions.[1] Instead, in a single issue, Olage argues that the trial court erred by failing to quash his indictment. Olage contends that the trial court should have quashed his indictment because the continuous-sexual-abuse-of-a-young-child statute is unconstitutional in that it (1) violates the jury-unanimity requirement of the Texas constitution; (2) violates the due-course-of-law requirement under the Texas constitution for the same reason; and (3) as applied, it allowed the State to indict Olage on charges that did not give him sufficient notice of the claims. Because we have consistently held that the continuous-sexual-abuse-of-a-young-child statute does not violate the jury-unanimity requirement of the Texas constitution and thus does not run afoul of the due-course-of-law requirement and because the indictment gave Olage sufficient notice of the charges against him and supplied a date range for those charges, we affirm.

---

[1]Because Olage does not challenge the sufficiency of the evidence to support his convictions, we omit a factual background.

## II. Section 21.02 Does Not Violate the Jury-Unanimity Requirement or the Due-Course-of-Law Provision of the Texas Constitution

Olage contends that section 21.02 of the Texas Penal Code, which is the statute defining the offense of continuous sexual abuse of a young child, is unconstitutional because it allows a nonunanimous jury verdict. *See* Tex. Penal Code Ann. § 21.02. Olage does not mention that this court has already held that the statute does not violate a constitutional right to a unanimous jury verdict. *See Pollock v. State*, 405 S.W.3d 396, 405 (Tex. App.—Fort Worth 2013, no pet.). Olage's argument does not persuade us to depart from our precedent. *See id.*; *see also Waters v. State*, No. 02-17-00368-CR, 2018 WL 6565939, at *1 (Tex. App.—Fort Worth Dec. 13, 2018, no pet.) (mem. op., not designated for publication); *Harris v. State*, No. 02-17-00278-CR, 2018 WL 3153605, at *2 (Tex. App.—Fort Worth June 28, 2018, pet. ref'd) (mem. op., not designated for publication). *See generally Jacobsen v. State*, 325 S.W.3d 733, 736–39 (Tex. App.—Austin 2010, no pet.) (distinguishing *Richardson v. United States*, 526 U.S. 813, 119 S. Ct. 1707 (1999), which Olage relies on). Because we have held that section 21.02 does not violate the jury-unanimity requirement and because Olage does not assert any other basis for his due-course-of-law argument, we overrule his first and second arguments. *See Fulmer v. State*, 401 S.W.3d 305, 313 (Tex. App.—San Antonio 2013, pet. ref'd) (holding that because section 21.02(d) requires that jurors unanimously agree as to the means, but does not require unanimity as to which specific acts were committed, section 21.02 does not violate due course of law).

### III. The Trial Court Did Not Err by Failing to Quash the Indictment

In his third argument under his sole issue, Olage argues that the trial court erred by not quashing the indictment because it failed to give him proper notice so that he could prepare a defense.

An accused is guaranteed the right to be informed of the nature and cause of the accusations against him in all criminal actions. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10; *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). The indictment must be specific enough to inform the defendant of the nature of the accusations against him so that he may prepare a defense. *See Smith v. State*, 297 S.W.3d 260, 267 (Tex. Crim. App. 2009); *Moff*, 154 S.W.3d at 601. Generally, a charging instrument that tracks the language of a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense. *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996). But when a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it neglects to identify which of the statutory means it addresses. *Id.*; *see State v. Barbernell*, 257 S.W.3d 248, 251 (Tex. Crim. App. 2008). The sufficiency of an indictment is a question of law and is reviewed de novo. *See Smith*, 297 S.W.3d at 267.

For the offense of continuous sexual abuse of a young child, the act-of-sexual-abuse element is defined as any act that is, among other things, a violation of one or more of the following penal laws: indecency with a child under section 21.11(a)(1) or aggravated sexual assault under penal code section 22.021. *See* Tex. Penal Code Ann.

4

§ 21.02(c)(2), (4). The penal code identifies several alternative means of committing aggravated sexual assault—including intentionally or knowingly penetrating the sexual organ of a child, causing the mouth of a child to contact the sexual organ of another person, or causing the sexual organ of a child to contact the mouth of another person. *See id.* § 22.021(a)(1)(B).

In this case, the original indictment tracked the language of section 21.02 and alleged that Olage committed the offense of continuous sexual abuse of a young child by committing aggravated sexual assault, indecency with a child, or both; specifically, the original indictment alleged in count 1

> THAT CRISTOBAL JOSE OLAGE, HEREINAFTER CALLED DEFENDANT, IN THE COUNTY OF TARRANT, STATE OF TEXAS, ON OR ABOUT THE 17TH DAY OF JANUARY 2013 THROUGH THE 21ST DAY OF FEBRUARY 2017, DID DURING A PERIOD OF TIME THAT IS 30 DAYS OR MORE IN DURATION, COMMIT TWO OR MORE ACTS OF SEXUAL ABUSE, NAMELY: AGGRAVATED SEXUAL ASSAULT OF A CHILD: BY CAUSING THE SEXUAL ORGAN OF THE DEFENDANT TO CONTACT THE MOUTH OF [JENNIFER],[2] AND/OR BY CAUSING THE FINGER OF THE DEFENDANT TO PENETRATE THE SEXUAL ORGAN OF [JENNIFER]; AND/OR INDECENCY WITH A CHILD: BY CAUSING [JENNIFER] TO TOUCH ANY PART OF THE GENITALS OF THE DEFENDANT, AND/OR BY CAUSING THE DEFENDANT TO TOUCH ANY PART OF THE GENITALS OF [JENNIFER], AND AT THE TIME OF THE COMMISSION OF EACH OF THESE ACTS OF SEXUAL ABUSE THE DEFENDANT WAS 17 YEARS OF AGE OR OLDER AND [JENNIFER] WAS YOUNGER THAN 14 YEARS OF AGE[.]

---

[2]To protect the victim's anonymity, we use an alias. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

Olage filed a motion to quash the indictment, alleging that it failed to state how the offenses of indecency with a child and aggravated sexual assault of a child were committed and that it failed to specify a date range for the requisite thirty days. Eleven days before trial, the State presented a "direct reindictment" with substantially similar language:

> THAT CRISTOBAL JOSE OLAGE, HEREINAFTER CALLED DEFENDANT, IN THE COUNTY OF TARRANT, STATE OF TEXAS, ON OR ABOUT THE 17TH DAY OF JANUARY 2013 THROUGH THE 21ST DAY OF FEBRUARY, 2017, DID DURING A PERIOD OF TIME THAT IS 30 DAYS OR MORE IN DURATION, COMMIT TWO OR MORE ACTS OF SEXUAL ABUSE, NAMELY: AGGRAVATED SEXUAL ASSAULT OF A CHILD <u>UNDER 14</u>, BY CAUSING THE SEXUAL ORGAN OF <u>[JENNIFER] TO CONTACT THE SEXUAL ORGAN OF THE DEFENDANT, AND/OR BY CAUSING THE MOUTH OF [JENNIFER] TO CONTACT THE SEXUAL ORGAN OF THE DEFENDANT</u>, AND/OR INDECENCY WITH A CHILD, BY <u>TOUCHING THE GENITALS OF [JENNIFER], AND/OR BY CAUSING [JENNIFER] TO TOUCH THE GENITALS OF THE DEFENDANT</u>, AND AT THE TIME OF THE COMMISSION OF EACH OF THESE ACTS OF SEXUAL ABUSE THE DEFENDANT WAS 17 YEARS OF AGE OR OLDER AND [JENNIFER] WAS YOUNGER THAN 14 YEARS OF AGE[.] [Emphasis added to show portions that were changed.]

Before voir dire commenced, the trial court heard Olage's motion to quash and denied the motion.

The direct reindictment alleged the specific means by which Olage committed the offense of continuous sexual abuse of a young child and alleged the means by which he committed the individual sexual abuse acts of aggravated sexual assault of a child and indecency with a child. *See* Tex. Penal Code Ann. §§ 21.11(a)(1),

6

22.021(a)(1)(B). The State was not required to allege a specific date in the indictment, and the "on our about" language was sufficient. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). Thus, the direct reindictment gave sufficient notice to allow Olage to prepare a defense. *See Smith*, 297 S.W.3d at 267; *Moff*, 154 S.W.3d at 601; *Pollock*, 405 S.W.3d at 404. Accordingly, we overrule his final argument.

## IV. Conclusion

Having considered and rejected the three arguments that Olage makes in his sole issue, we overrule his sole issue and affirm the trial court's judgments.

/s/ Dabney Bassel
Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 14, 2019

7