ACCEPTED
06-13-00051-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/3/2015 12:31:05 PM
DEBBIE AUTREY
CLERK

No. 06-13-00051-CV

In the Court of Appeals for the
Sixth Judicial District at Texarkana, Texas

RECEIVED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/3/2015 12:31:05 PM
DEBBIE AUTREY
Clerk

WARREN WHISENHUNT,
                    Appellant/Cross-Appellee,

v.

MATTHEW LIPPINCOTT and CREG PARKS,
                    Appellees/Cross-Appellants.

On Appeal from the County Court at Law of Hopkins County, Texas
Cause No. CV41303

## APPELLANT/CROSS-APPELLEE'S BRIEF ON REMAND

Farbod Farnia
State Bar No. 24078493
ffarnia@mccathernlaw.com
**MCCATHERN, PLLC**
3710 Rawlings, Suite 1600
Dallas, TX 75219
Phone: (214) 741-2662
Fax: (214) 741-4717

*Appellant/Cross-Appellee*

## RECORD REFERENCES

Throughout this Brief, references to the record and other documents on file with this Court will be cited as follows:

- Clerk's Record – "CR [*page no.*]"

- Reporter's Record – "RR [*page no.*]:[*line no.*]"

- Supplemental Reporter's Record – "SRR [*page no.*]:[*line no.*]"

- Appellees' Brief on Remand – "Remand Br., at [*page no.*]"

- Whisenhunt's Appellant's Brief – "App. Br., at [*page no.*]"

- Appellees' Response Brief – "Resp. Br., at [*page no.*]"

- Whisenhunt's previous Reply Brief – "Reply Br., at [*page no.*]"

- Cross-Appellants' Brief – "Cross Br., at [*page no.*]"

- Whisenhunt's Cross-Response Brief – "Cross Resp., at [*page no.*]"

# TABLE OF CONTENTS

Record References ...................................................................................ii

Table of Contents ..................................................................................iii

Index of Authorities .............................................................................v

Summary of the Argument.......................................................................1

Argument and Authorities .....................................................................3

    I.      For the Purposes of the TCPA, Pleadings Are Evidence. ...............3

    II.    To Determine Whether Whisenhunt Met his Prima Facie Burden, this Court Should Review the Facts in the Light Most Favorable to Whisenhunt.......................................................7

    III.   Appellees Misstate the Elements of Defamation. ...........................8

    IV.   The TCPA's Commercial-Speech Exemption Requires Proof of Only Two Elements.........................................................13

        A.    The development (and awkwardness) of the commercial-speech exemption highlights the differences between Texas and California. ...........................14

        B.    Not every element of the California commercial-speech exemption applies under the TCPA .........................17

            1.   First element: both exemptions require the defendant to be primarily engaged in the business of selling or leasing goods or services. ............19

            2.   Second element: both exemptions require a connection between the lawsuit and the defendant's speech, but from there they diverge.....................................................................20

3. Third element: the California exemption requires proof of the defendant's mental state, but the TCPA exemption does not. ...............25

4. Fourth element: both the California and the TCPA exemptions require proof of an intended audience, but they differ with respect to the scope of its applicability. ...............26

C. The TCPA commercial-speech exemption requires proof only of a commercial speaker and commercial speech. ...............32

V. The Trial Court Erred in Denying Whisenhunt's Motion for Limited Discovery. ...............33

VI. This Court Should Remand to Allow Whisenhunt to Replead. ...............40

Conclusion and Prayer ...............45

Certificate of Compliance ...............46

Certificate of Service ...............46

# INDEX OF AUTHORITIES

**STATUTES AND REGULATIONS**

Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973) .............................. 15, 27, 37

Acts 2013, 83rd Leg., R.S., Ch. 1042 (H.B. 2935) ........................................ 37

CAL. CIV. P. CODE § 425.17 .......................................................... 23

TEX CIV. PRAC. & REM. CODE § 27.001 .................................................. 16, 17

TEX CIV. PRAC. & REM. CODE § 27.005 .................................................... 16

TEX. CIV. PRAC. & REM. CODE § 27.004 ................................................... 37

TEX. CIV. PRAC. & REM. CODE § 27.006 ............................................. 6, 8, 34

TEX. CIV. PRAC. & REM. CODE § 27.010 ......................... 19, 23, 25, 29, 31, 32

TEX. CIV. PRAC. & REM. CODE § 73.005 ................................................... 39

Tex. H.B. 2973, 82nd Leg., R.S., § 3 (2011) ........................................ 15, 16

TEX. R. APP. P. 60.2 .................................................................. 42

TEX. R. EVID. 101 ...................................................................... 6

**TEXAS SUPREME COURT CASES**

*Cardiac Perfusion Services, Inc. v. Hughes,*
   436 S.W.3d 790 (Tex. 2014) ......................................................... 42

*City of Dallas v. VSC, LLC,*
   347 S.W.3d 231 (Tex. 2011) ......................................................... 44

*Dallas County Cmty. Coll. Dist. v. Bolton,*
   185 S.W.3d 868 (Tex. 2005) .......................................................... 34

*Gray v. McFarland*,
  29 Tex. 163 (1867) ............................................................ 44

*Hamrick v. Ward*,
  446 S.W.3d 377 (Tex. 2014) ...........................................43

*Hancock v. Variyam*,
  400 S.W.3d 59 (Tex. 2013) ............................................... 9

*Harrell v. Houston*,
  66 Tex. 278, 17 S.W. 731 (1886) ...................................... 42

*Iliff v. Iliff*,
  339 S.W.3d 74 (Tex. 2011) ........................................34, 40

*In re Alford Chevrolet-Geo*,
  997 S.W.2d 173 (Tex. 1999) ...........................................34

*In re Am. Home Assur. Co.*,
  88 S.W.3d 370 (Tex. App.—Texarkana 2002, no pet.) ...........................34

*In re Doe 2*,
  19 S.W.3d 278 (Tex. 2000) ...........................................43

*In re Lipsky*,
  460 S.W.3d 579 (Tex. 2015) .......................... 4, 7, 8, 9, 10, 11, 12, 13, 35, 41

*Lippincott v. Whisenhunt*,
  No. 13-0926, 2015 WL 1967025 (Tex. Apr. 24, 2015) ...............3, 24, 25, 31

*Ludwig v. State*,
  931 S.W.2d 239 (Tex. Crim. App. 1996) ...................................27

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
  372 S.W.3d 629 (Tex. 2012) ................................................ 44

*Morrow v. Shotwell*,
  477 S.W.2d 538 (Tex. 1972)................................................ 42

*State v. Shumake*,
199 S.W.3d 279 (Tex. 2006) ............................................................... 28

*Stracener v. United Servs. Auto. Ass'n*,
777 S.W.2d 378 (Tex. 1989) ...........................................................27, 28

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) ................................................................. 8

*Texas Mut. Ins. Co. v. Ledbetter*,
251 S.W.3d 31 (Tex. 2008) ................................................................. 44

*Timpte Indus., Inc. v. Gish*,
286 S.W.3d 306 (Tex. 2009) ............................................................... 44

*Univ. of Texas Sw. Med. Ctr. at Dallas v. Estate of Arancibia ex rel.
Vasquez-Arancibia*,
324 S.W.3d 544 (Tex. 2010) ............................................................... 44

*Valenzuela v. Aquino*,
853 S.W.2d 512, 514 (Tex. 1993) ........................................................ 42

*Walker v. Gutierrez*,
111 S.W.3d 56 (Tex. 2003) ..................................................................33

*WFAA-TV, Inc. v. McLemore*,
978 S.W.2d 568 (Tex. 1998) ................................................................. 9

*Yowell v. Piper Aircraft Corp.*,
703 S.W.2d 630 (Tex. 1986) ..........................................................34, 40

## TEXAS COURTS OF APPEALS CASES

*Avila v. Larrea*,
394 S.W.3d 646 (Tex. App.—Dallas 2012, pet. denied) ...........................38

*Backes v. Misko*,
No. 05-14-00566-CV, 2015 WL 1138258 (Tex. App.—Dallas
Mar. 13, 2015, no pet.) ........................................................... 5, 18

*Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Sers., Inc.*,
441 S.W.3d 345 (Tex. App.—Houston [1st Dist.] 2013, pet.
denied) ........................................................................................30

*Bilbrey v. Williams*,
No. 02-13-00332-CV, 2015 WL 1120921 (Tex. App.—Fort
Worth Mar. 12, 2015, no. pet. h.) ..................................... 4, 6, 35

*Cheniere Energy, Inc. v. Lotfi*,
449 S.W.3d 210 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ............14

*Cruz v. Van Sickle*,
452 S.W.3d 503 (Tex. App.—Dallas 2014, no pet. h.) .........................4, 28

*Dial v. Wilke*,
127 S.W.2d 379 (Tex. Civ. App.—Amarillo 1939 writ ref'd)....................41

*Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*,
No. 14-12-00896-CV, 2013 WL 407029 (Tex. App.—Houston
[14th Dist.] Jan. 24, 2013, no pet.) ........................................................38

*Fitzmaurice v. Jones*,
417 S.W.3d 627 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ............ 8

*In re Avila*,
No. 05-12-00094-CV, 2012 WL 215141 (Tex. App.—Dallas Jan.
24, 2012, no pet.) ........................................................................38

*In re Sierra Club*,
No. 08-12-00282-CV, 2012 WL 5949789 (Tex. App.—El Paso
Nov. 28, 2012, no pet.) ........................................................................38

*Jennings v. WallBuilder Presentations, Inc. ex rel. Barton*,
378 S.W.3d 519 (Tex. App.—Fort Worth 2012, pet. denied)....................38

*Kinney v. BCG Attorney Search, Inc.*,
  No. 03-12-00579-CV, 2014 WL 1432012 (Tex. App.—Austin
  Apr. 11, 2014, pet. denied) ........................................................ 18, 23, 24

*Klentzman v. Brady*,
  312 S.W.3d 886 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ........11, 39

*KSNG Architects, Inc. v. Beasley*,
  109 S.W.3d 894 (Tex. App.—Dallas 2003, no pet.) ............................... 42

*Lipsky v. Range Prod. Co.*,
  No. 02-12-00098-CV, 2012 WL 3600014 (Tex. App.—Fort
  Worth Aug. 23, 2012, pet. denied) (dismissing appeal for want of
  jurisdiction) .......................................................................................38

*Martin v. Bravenec*,
  No. 04-14-00483-CV, 2015 WL 2255139 (Tex. App.—San
  Antonio May 13, 2015, no. pet. h.) ...........................................................5

*Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*,
  416 S.W.3d 71 (Tex. App.—Houston [1st Dist.] 2013, pet.
  denied) .......................................................... 8, 15, 18, 21, 24

*Neyland v. Thompson*,
  No. 03-13-00643-CV, 2015 WL 1612155 (Tex. App.—Austin
  Apr. 7, 2015, no pet.) ...............................................................................5

*Park v. Escalera Ranch Owners' Ass'n, Inc.*,
  457 S.W.3d 571 (Tex. App.—Austin 2015, no pet.) ................................43

*Reyna v. Baldridge*,
  No. 04-14-00740-CV, 2015 WL 4273265 (Tex. App.—San
  Antonio July 15, 2015, no. pet. h.) ...........................................................5

*Schimmel v. McGregor*,
  438 S.W.3d 847 (Tex. App.—Houston [1st Dist.] 2014 pet.
  denied) .......................................................................... 18, 30

*Serafine v. Blunt*,
   No. 03-12-00726-CV, 2015 WL 3941219 (Tex. App.—Austin
   June 26, 2015, no. pet. h.) ........................................................................ 4, 14

*Texas Allergy, Asthma & Immunology Soc'y v. United Biologics, LLC*,
   No. 03-12-00008-CV, 2012 WL 5494282 (Tex. App.—Austin
   Nov. 8, 2012, no pet.) ...................................................................................38

*United Copper Indus., Inc. v. Grissom*,
   17 S.W.3d 797 (Tex. App.—Austin 2000, pet dism'd) .................35, 37, 40

*Williams v. Bank One, Texas, N.A.*,
   15 S.W.3d 110 (Tex. App.—Waco 1999, no pet.) ......................................33

## FEDERAL CASES

*Charalambopoulos v. Grammer*,
   No. 3:14-CV-2424-D, 2015 WL 390664 (N.D. Tex. Jan. 29,
   2015) ...............................................................................................................36

*Lamons Gasket Co. v. Flexitallic L.P.*,
   9 F. Supp. 3d 709 (S.D. Tex. 2014)........................................................ 18, 21

*NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*,
   745 F.3d 742 (5th Cir. 2014) ................................................................. 21, 22

*Ohralik v. Ohio State Bar Ass'n*,
   436 U.S. 447 (1978) .......................................................................................31

*Tinker v. Des Moines Indep. Cmty. Sch. Dist.*,
   393 U.S. 503 (1969) .......................................................................................17

*Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer
   Council, Inc.*,
   425 U.S. 748 (1976) .......................................................................................31

## OTHER STATE CASES

*Brill Media Co., LLC v. TCW Group, Inc.*, 132 Cal. App. 4th 324, 33
    Cal. Rptr. 3d 371 (2005)................................................................30

*Simpson Strong–Tie Co., Inc. v. Gore*,
    230 P.3d 1117 (Cal. 2010).......................................15, 17, 18, 20, 21, 23, 25

## SECONDARY SOURCES

BLACK'S LAW DICTIONARY (10th ed. 2014) .......................................... 12, 35

## SUMMARY OF THE ARGUMENT

First, Whisenhunt will once again counter Appellees' charge that his pleadings do not count as evidence. Last time he and Appellees were before this Court, this issue was unresolved in Texas. Now, however, there is ample guidance from other courts to add to the fact that the plain language of the TCPA requires courts to consider pleadings as evidence.

Second, Whisenhunt will clarify the standard of review by which this Court should review his evidence. Whisenhunt again asks this Court to adopt the standard of review applied by the First and Fourteenth Courts of Appeals and review the pleadings and evidence in the light most favorable to him.

Third, Whisenhunt will show that his interpretation of the commercial-speech exemption has been vindicated, and his burden to show that his claims are exempt from the TCPA's protections is not as onerous as Appellees initially argued.

Fourth, Whisenhunt will show why the Trial Court erred in refusing his request for limited discovery. Specifically, Whisenhunt requested limited discovery, showed what issues he needed discovery for, and explained his good-cause basis for it. As such, the Trial Court's refusal was an abuse of

1

discretion, and this Court should remand with instructions to allow Whisenhunt to take limited discovery.

Finally, Whisenhunt will explain why remand is appropriate in light of recent rulings by the Texas Supreme Court. In *Lipsky*, the Court held that the TCPA establishes a pleading standard. That being the case, Whisenhunt was deprived of an opportunity to appropriately plead his case. Therefore, in the interest of justice, this Court should remand to allow Whisenhunt to replead.

**ARGUMENT AND AUTHORITIES**

On April 24, 2015, the Texas Supreme Court reversed this Court's opinion that the TCPA requires speech to be publicly communicated.[1] It also held that Appellees established the applicability of the TCPA, and remanded the case to this Court to consider "among other matters, whether Whisenhunt met the prima facie burden the Act requires."[2]

Whisenhunt files this Brief to discuss developments in the law since this appeal was last before this Court. To the extent necessary, Whisenhunt incorporates herein his prior briefing, including his Appellant's Brief, his Appellant's Reply Brief, and his Cross-Appellee's Response Brief.

## I. FOR THE PURPOSES OF THE TCPA, PLEADINGS ARE EVIDENCE.

As they did in their initial briefing before this Court, Appellees again raise their argument that "pleadings should not be considered as evidence."[3] They point out that the supreme court in *Lipsky* "did not explicitly hold that

---

[1] *Lippincott v. Whisenhunt*, No. 13-0926, 2015 WL 1967025, at *2 (Tex. Apr. 24, 2015).

[2] *Id.*

[3] Remand Br. 21.

pleadings can be considered as 'evidence.'"[4] They cite *Lipsky*, along with a slew of other cases, where courts considered affidavits and other documents in deciding a TCPA motion.[5] The problem is that these cases do not resolve the issue. Of course there are cases in which courts consider affidavits as evidence; the TCPA requires them to. The real question is whether there are courts that consider *pleadings* as evidence.

Contrary to Appellees' position, several have expressly held that pleadings are to be considered as evidence under the TCPA, including one cited by Appellees. In *Serafine v. Blunt*, the Third Court of Appeals expressly held, "[u]nder Section 27.006 of the Act, the trial court may consider pleadings as evidence."[6] Similarly, in *Martin v. Bravenec*, the Fourth Court of Appeals held, "unlike other types of cases where pleadings are not considered

---

[4] *Id.*

[5] *Id.* at 21–24 (citing *In re Lipsky*, 460 S.W.3d 579, 592 (Tex. 2015); *Serafine v. Blunt*, No. 03-12-00726-CV, 2015 WL 3941219, at *4 (Tex. App.—Austin June 26, 2015, no. pet. h.); *Bilbrey v. Williams*, No. 02-13-00332-CV, 2015 WL 1120921, at *12 (Tex. App.—Fort Worth Mar. 12, 2015, no. pet. h.); *Cruz v. Van Sickle*, 452 S.W.3d 503, 523 (Tex. App.—Dallas 2014, no pet. h.)).

[6] *Serafine*, 2015 WL 3941219, at *4.

evidence, [under Section 27.006], we may consider the [non-movant's] pleadings as evidence in this case."[7]

Not only have courts expressly rejected Appellees' position, they have applied it to the non-movant's prima facie burden. For example, in *Reyna*, the Fourth Court of Appeals held that the non-movant presented clear and specific evidence regarding actual malice (to prove her defamation claim) in her "pleadings and affidavits."[8] Further, in *Neyland*, the Third Court of Appeals held that the non-movant's "pleadings and affidavit testimony establish that she performed property management services to the HOA."[9] And in *Backes*, the Fifth Court of Appeals considered, without striking for lack of evidentiary support, the non-movant's reliance on "her original petition" that the movant was her competitor.[10] Finally, in *Bilbrey*, the Second Court of

---

[7] *Martin v. Bravenec*, No. 04-14-00483-CV, 2015 WL 2255139, at *7 (Tex. App.—San Antonio May 13, 2015, no. pet. h.).

[8] *Reyna v. Baldridge*, No. 04-14-00740-CV, 2015 WL 4273265, at *6 (Tex. App.—San Antonio July 15, 2015, no. pet. h.).

[9] *Neyland v. Thompson*, No. 03-13-00643-CV, 2015 WL 1612155, at *4 (Tex. App.—Austin Apr. 7, 2015, no pet.).

[10] *Backes v. Misko*, No. 05-14-00566-CV, 2015 WL 1138258, at *11 (Tex. App.—Dallas Mar. 13, 2015, no pet.).

Appeals held that the plaintiff failed to carry his prima facie burden in part because the context of the allegedly defamatory statements were provided in "neither [his] petition nor his affidavit."[11]

Moreover, Appellees wholly ignore the plain language of the TCPA. Under the heading "EVIDENCE," the TCPA directs a trial court to consider "the *pleadings* and supporting and opposing affidavits stating the facts on which the liability or defense is based."[12] In other words, the TCPA requires courts to consider the factual statements in pleadings as evidence. And there can be no real question that the Legislature has the power to modify the rules of evidence for determining TCPA motions.[13]

In sum, the plain language of the TCPA and the body of case law construing it require—clearly, expressly, and unequivocally—that courts treat the non-movant's pleadings as evidence to determine whether he met his prima facie burden.

---

[11] *Bilbrey*, 2015 WL 1120921, at *12.

[12] TEX. CIV. PRAC. & REM. CODE § 27.006(a).

[13] *See* TEX. R. EVID. 101(d) ("Despite these rules, a court must admit or exclude evidence if required to do so by . . . a federal or Texas statute.")

## II. TO DETERMINE WHETHER WHISENHUNT MET HIS PRIMA FACIE BURDEN, THIS COURT SHOULD REVIEW THE FACTS IN THE LIGHT MOST FAVORABLE TO WHISENHUNT.

Not only must this Court treat Whisenhunt's pleadings as evidence, but it must also treat his factual allegations as true and resolve all doubts and inferences in his favor. Under the TCPA, once the movant meets his burden to invoke the TCPA's protections, the burden shifts to the non-movant to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question."[14] Prima facie means "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted."[15] That is, prima facie refers to "the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true."[16] The phrase "clear and specific evidence" refers to "the clarity and detail required to avoid dismissal."[17]

---

[14] TEX. CIV. PRAC. & REM. CODE § 27.005(c).

[15] *Lipsky*, 460 S.W.3d at 590.

[16] *Id.* (internal quotations omitted).

[17] *Id.*

As explained above, the TCPA allows the non-movant to make this showing with its pleadings and evidence.[18] On appeal, this Court must "review the pleadings and evidence in a light favorable" to the non-movant.[19] This means "tak[ing] as true all evidence favorable to the nonmovant" and "indulg[ing] every reasonable inference and resolv[ing] any doubts in the nonmovant's favor."[20]

Whisenhunt respectfully requests that the Court use this standard of review in determining whether Whisenhunt established a prima facie case for each of his causes of action.

## III. APPELLEES MISSTATE THE ELEMENTS OF DEFAMATION.

The elements of defamation are that: (1) the defendant published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure,

---

[18] TEX. CIV. PRAC. & REM. CODE § 27.006(a).

[19] *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80-81 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004)); *Fitzmaurice v. Jones*, 417 S.W.3d 627, 632 (Tex. App.—Houston [14th Dist.] 2013, no pet.) disapproved of on other grounds by *Lipsky*, 460 S.W.3d at 588.

[20] *Miranda*, 133 S.W.3d at 228.

or negligence, if the plaintiff was a private individual, regarding the truth of the statement.[21] There are three ways in which Appellees are wrong about the elements of defamation and Whisenhunt's required proof.

First, Appellees place heavy reliance on this statement from the *Lipsky* opinion: "In a defamation case that implicates the TCPA, pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss."[22] They claim that these facts are "required" under *Lipsky*.[23] In doing so, Appellees commit the classic fallacy of confusing what is sufficient with what is necessary. Just because making these showings might be sufficient does not mean that every plaintiff in every defamation case must make each showing. Rather, a court must determine whether a statement is defamatory "from the perspective of an ordinary reader in light of the surrounding circumstances."[24]

---

[21] *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

[22] *Lipsky*, 460 S.W.3d at 591.

[23] Remand Br. 19.

[24] *Hancock v. Variyam*, 400 S.W.3d 59, 66 (Tex. 2013).

9

Here, the facts in Whisenhunt's pleadings and evidence, together with the inferences drawn from those facts, were more than sufficient to meet the low threshold of a prima facie burden. Indeed, Whisenhunt showed *what* statements Appellees made.[25] He showed *to whom* the statements were made.[26] He showed *when* the statements were made.[27] And he showed the defamatory nature of the statements.[28]

Second, Appellees claim that Whisenhunt failed to prove that their allegedly defamatory statements were false.[29] Courts often list the first element as requiring a "*false* statement of fact," implying that the plaintiff must not only prove that the defendant published the statement, but also that it was false.[30] However, if the case does not involve a media defendant, the

---

[25] CR 4–5; 40–45.

[26] *Id.*

[27] *Id.*

[28] CR 6.

[29] Remand Br. 11.

[30] *See Lipsky*, 460 S.W.3d at 591.

burden is on the defendant to prove that the statement was true, rather than on the plaintiff to prove it was false.[31]

In any event, Whisenhunt established that these statements were false. Appellees claim that Whisenhunt failed to establish, for each defamatory statement, "how it was false."[32] But that is not the burden. Even if he had the burden to prove falsity, Whisenhunt was not required to establish *how* the statements were false, but rather *that* they were false. Here, Whisenhunt stated that Appellees *falsely* accused him (of sexual harassment, fraud, incompetence, etc.), and went so far as to file *false* allegations with the Board of Nursing.[33] In the absence contradictory or rebuttal evidence, these claims are the "minimum quantum of evidence needed to support a rational inference" that Appellees' statements were false.[34]

---

[31] *Klentzman v. Brady*, 312 S.W.3d 886, 898 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

[32] Remand Br. 20.

[33] CR 5 ("Defendants *falsely* accused Whisenhunt . . . .") (emphasis added); ("[Defendants went] so far as to file false allegations against Whisenhunt with the Texas State Board of Nursing"); ("The statements and representations made by Defendants about Whisenhunt were false . . . .");

[34] *See Lipsky*, 460 S.W.3d at 590.

Finally, Appellees spuriously argue that Whisenhunt did not show "how Whisenhunt was damaged" by their false accusations of sexual harassment, fraud, and incompetence. As an initial matter, the supreme court mentioned this factor in the context of "defamation" (i.e., defamation per quod), not defamation per se.[35] As the Court noted, "defamation per se refers to statements that are *so obviously harmful* that general damages may be presumed."[36] It would make little sense then, for a court to find that a statement is defamatory per se, only then to require a plaintiff to show how the statement was defamatory. The very definition of "per se" demonstrates that no further explanation is needed.[37]

Here, Appellees' statements were defamatory *per se*. There are two categories of per se defamation. The first includes "accusing someone of a crime, of having a foul or loathsome disease, or of engaging in serious sexual misconduct."[38] The second includes statements that "adversely reflect on a

---

[35] *Id.* at 591.

[36] *Id.* at 593 (emphasis added).

[37] *Per se*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("Of, in, or by itself; standing alone, without reference to additional facts").

[38] *Lipsky*, 460 S.W.3d at 593.

person's fitness to conduct his or her business or trade."[39] Appellees' accusations of sexually harassment and fraud fit squarely in the first category, and their accusations of incompetence fit squarely in the second. Because this case involves defamation per se, there is no need for Whisenhunt to show how he was defamed.

For these reasons, and the reasons stated in Whisenhunt's prior briefs, Whisenhunt met his prima facie burden.

## IV.  THE TCPA'S COMMERCIAL-SPEECH EXEMPTION REQUIRES PROOF OF ONLY TWO ELEMENTS.

Regarding the commercial-speech exemption, Whisenhunt asks this Court to construe the plain language of the statute, and not add additional elements absent from the TCPA as other courts have done. Here, Whisenhunt will compare the TCPA's commercial-speech exemption to California's similar exemption, show what elements are and are not required in Texas, and explain why Texas courts have erred in blindly following California law on this issue.

---

[39] *See id.*

**A.** **The development (and awkwardness) of the commercial-speech exemption highlights the differences between Texas and California.**

The TCPA is not a model of excellent drafting. Its various provisions have been called "awkward"[40] and difficult to navigate.[41] The commercial-speech exemption is no different. To understand its awkwardness, one must review its evolution. At the time the TCPA was enacted, California was the only other state whose anti-SLAPP law contained a commercial-speech exemption. That state's exemption requires proof of four elements:

> (1) the cause of action is against a person primarily engaged in the business of selling or leasing goods or services;
>
> (2) the cause of action arises from a statement or conduct by that person consisting of representations of fact about that person's or a business competitor's business operations, goods, or services;
>
> (3) the statement or conduct was made either for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services or in the course of delivering the person's goods or services; and

---

[40] *Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 219 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (Jennings, J., concurring).

[41] *Serafine*, 2015 WL 3941219, at *7 (Pemberton, J., concurring).

(4) the intended audience for the statement or conduct [is an actual or potential buyer or customer].[42]

The California exemption was the template of the TCPA exemption. Indeed, the first draft of the TCPA closely tracked the California language:

> This chapter does not apply to [(1)] a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, [(2)] if the statement or conduct from which the claim arises is a representation of fact [(3)] made for the purpose of promoting, securing, or completing the sale or lease of, or a commercial transaction in, the person's goods or services, and [(4)] the intended audience is an actual or potential buyer or customer.[43]

But that language was rejected. Instead, the Legislature enacted this version:

> This chapter does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product or a commercial transaction in which the intended audience is an actual or potential buyer or customer.[44]

---

[42] *Newspaper Holdings*, 416 S.W.3d at 88 (citing *Simpson Strong–Tie Co., Inc. v. Gore*, 230 P.3d 1117, 1129 (Cal. 2010))

[43] *See* Tex. H.B. 2973, 82nd Leg., R.S., § 3 (2011) (filed Mar. 10, 2011) (numbers supplied to show similarities to the California exemption), *available at* http://www.legis.state.tx.us/tlodocs/82R/billtext/html/HB02973I.htm (last visited Aug. 3, 2015).

[44] *See* Acts 2011, 82nd Leg., R.S. Ch. 341 (H.B. 2973), § 2, eff. June 17, 2011, available at http://www.legis.state.tx.us/tlodocs/82R/billtext/html/HB02973F.HTM (last visited Aug. 3, 2015). In 2013, the TCPA was amended, the effects of which are discussed further below.

The awkwardness here involves the phrase "the statement or conduct." What statement or conduct? The article "the" implies some previously mentioned statement or conduct. But that phrase is found nowhere else in the TCPA.[45] Rather, it appears to be residual language left over from the first draft of the bill.[46] If so, then it refers to the statement or conduct "from which the claim arises."[47] The result is this strange double-use of "arise" language:

> This chapter does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if <u>the statement or conduct (from which the legal action arises)</u> arises out of the sale or lease of goods, services, or an insurance product or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

Although awkward, this seems to be the correct approach. The TCPA is triggered when the legal action filed by the plaintiff "is based on, relates to, or is in response to" the exercise of one of three protected rights.[48] All three of

---

[45] *See generally* Tex Civ. Prac. & Rem. Code § 27.001 *et seq.*

[46] *See* Tex. H.B. 2973, 82nd Leg., R.S., § 3 (2011).

[47] *Id.*

[48] Tex Civ. Prac. & Rem. Code § 27.005(b).

those rights begins with a "communication."[49] While the statutory definition of "communication" does not expressly include conduct, First Amendment jurisprudence has traditionally protected conduct-based communications.[50] So it makes sense for the commercial-speech exemption to refer to the communication (i.e. "the statement or conduct") that the legal action is based on, relates to, or is in response to (i.e. "from which the legal action arises").

## B.    Not every element of the California commercial-speech exemption applies under the TCPA

As stated above, the California Supreme Court held in *Gore* that the exemption in that state required proof of four elements. The first element addresses the type of speaker needed.[51] The second element addresses three sub-elements: the nexus between the lawsuit and the speech, the nature of the speech, and the subject of the speech.[52] The third element requires that the

---

[49] *Id.* § 27.001(2)–(4).

[50] *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 505 (1969) (holding that the wearing of armbands is protected speech under the First Amendment).

[51] *Gore*, 230 P.3d at 1129 (requiring that the defendant be "primarily engaged in the business of selling goods or services").

[52] *Id.* (requiring, as proof of nexus, nature, and subject respectively, that: (1) the cause of action arise out of the defendant's speech or conduct; (2) that consist of representations of fact; (3) about the defendant's or a competitor's goods or services).

17

speech be self-serving.[53] And the fourth element addresses the intended audience for the speech.[54]

One of the first *Texas* cases to consider the TCPA's commercial-speech exemption was *Newspaper Holdings*. That case imported all four elements from *Gore*.[55] Other Texas courts have followed suit in applying the *Gore* elements.[56] But this blind application of California law to the TCPA was inappropriate. To show why requires a side-by-side comparison highlighting the differences between the two exemptions:

| Element | California | Texas |
|---|---|---|
| Type of speaker (i.e. defendant) | Defendant must be primarily engaged in the business of selling or leasing goods or services. | Same |

---

[53] *Id.* (requiring that the speech be made "for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services or in the course of delivering the person's goods or services").

[54] *Id.* (requiring that the speech be addressed to "an actual or potential buyer or customer, or a person likely to repeat the statement to, or otherwise influence, an actual or potential buyer or customer").

[55] *See Newspaper Holdings*, 416 S.W.3d at 88–89.

[56] *See, e.g.*, *Schimmel v. McGregor*, 438 S.W.3d 847, 857 (Tex. App.—Houston [1st Dist.] 2014 pet. denied); *Lamons Gasket Co. v. Flexitallic L.P.*, 9 F. Supp. 3d 709, 711 (S.D. Tex. 2014); *Backes*, 2015 WL 1138258, at *10; *Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012, at *6 (Tex. App.—Austin Apr. 11, 2014, pet. denied).

| Nexus between speech and lawsuit, and the nature, subject, and/or context of the defendant's speech | Cause of action must arise from a statement or conduct that consists of representations of fact about the defendant's or a competitor's goods or services. | Legal action must arise from a statement or conduct that arises from the sale or lease of goods or services or an insurance product or a commercial transaction.[57] |
|---|---|---|
| Purpose of defendant's speech | To obtain approval for, to promote, or to secure sales of defendant's goods or services. | N/A |
| Intended audience for defendant's speech | An actual or potential buyer or customer | Same, but only applies to commercial transactions |

The following sections explain these differences in greater detail.

1. *First element: both exemptions require the defendant to be primarily engaged in the business of selling or leasing goods or services.*

There is no significant difference between the two exemptions with respect to the first element. Both exemptions require that the defendant be a commercial speaker. That is, the legal action must be "brought against a person primarily engaged in the business of selling or leasing goods or services."[58]

---

[57] This double-use of the "arise from" language was explained *supra*, at 15–16.

[58] *See* TEX. CIV. PRAC. & REM. CODE § 27.010(c); *Gore*, 230 P.3d at 1129.

2.   *Second element: both exemptions require a connection between the lawsuit and the defendant's speech, but from there they diverge.*

The second element is the most complex. Both exemptions require a connection between the defendant's speech and the lawsuit. The California exemption requires that "the cause of action arise[] from a statement or conduct by [the defendant]."[59] And, as explained previously, the TCPA exemption's awkward phrase, "the statement or conduct," implies that the legal action must arise from the *defendant's* speech or conduct.

But then the two exemptions diverge. While the California exemption requires proof of the *nature* and *subject* of the speech, the TCPA exemption requires proof of the *context* of the speech.

(a)   <u>The California exemption requires proof of the *nature* and *subject* of the speech.</u>

Under the California exemption, the nature of the defendant's statement or conduct must be "representations of fact" while the subject of the speech must be "[the defendant's] or a business competitor's business

---

[59] *Gore*, 230 P.3d at 1129.

20

operations, goods, or services."[60] Although some courts have imported this element into the TCPA's exemption, none have applied it to the facts of the case.[61] The Fifth Circuit Court of Appeals, however, has rejected the position that the TCPA's commercial-speech exemption includes this element.[62]

In *NCDR*, the speech in question was an ad campaign by a law firm to secure potential clients alleging that a nationwide chain of dental clinics was performing unnecessary, and often harmful, procedures on children.[63] The clinic sued, and the law firm moved to dismiss under the TCPA. In response, the clinics argued that the ads were commercial speech and thus exempt from the TCPA. The law firm, relying on the "similarly worded" California exemption, argued that its ads did not consist of representations of fact about its own or a competitor's services.[64] But the Fifth Circuit rejected this argument. It held that the law firm "neglects the fact that the California

---

[60] *Id.*

[61] *Lamons Gasket*, 9 F. Supp. 3d at 711; *Newspaper Holdings*, 416 S.W.3d at 88.

[62] *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 755 (5th Cir. 2014).

[63] *Id.* at 745.

[64] *Id.* at 755.

21

Supreme Court's holding rested on a clause in the California statute that is not present in Texas's anti-SLAPP statute."[65] Specifically, there is no requirement under the TCPA that the speech contain "representations of fact about that person's or a business competitor's business operations, goods, or services."[66] Thus, according to *NCDR*, the TCPA's commercial-speech exemption does not require proof of the second element announced by the California Supreme Court and recited in *Newspaper Holdings*.

The *NCDR* court's holding is bolstered by the legislative history of the TCPA. As noted above, the original TCPA bill closely tracked the language of California's exemption, but that version was rejected, and the current version, which contains no similar language, was enacted in its stead.[67] This legislative history, combined with the plain language of the TCPA, leaves no room for doubt. The TCPA's commercial-speech exemption does not require proof that the defendant's statements or conduct "consist[ed] of representations of

---

[65] *Id.*

[66] *Id.*

[67] *See supra*, at 14–15.

22

fact about [the defendant's] or a business competitor's business operations, goods, or services."[68]

### (b) The TCPA exemption requires proof of the *context* of the speech.

Rather than requiring proof of *what* the defendant said, the TCPA requires proof of the *context* in which she said it.[69] By its clear terms, the TCPA's commercial-speech exemption requires that the defendant's speech or conduct arise "out of the sale or lease of goods, services, or an insurance product or a commercial transaction."[70]

Because of the similarity between this language and the *purpose* element of the California exemption, at least one court has held that the two are the same.[71] In *Kinney*, the plaintiff, a recruiting firm, sued a former employee for

---

[68] *Compare* TEX. CIV. PRAC. & REM. CODE § 27.010(b), *with Gore*, 230 P.3d at 1129.

[69] Actually, the California anti-SLAPP statute has a context provision too. As an alternative to the *intended-audience* element, a California plaintiff can prove that "the statement or conduct arose out of or within the context of a regulatory approval process, proceeding, or investigation" with one state-specific exception. CAL. CIV. P. CODE § 425.17(c)(2). This language bolsters Whisenhunt's interpretation that the "arises out of" language is a context-based requirement.

[70] TEX. CIV. PRAC. & REM. CODE § 27.010(b).

[71] *Kinney*, 2014 WL 1432012, at *6.

posting allegedly disparaging remarks about it on the internet.[72] The employee

moved to dismiss under the TCPA, but the recruiting firm argued that the

commercial-speech exemption applies.[73] The Third Court of Appeals noted:

> Section 27.010(b) thus provides, in relevant part, that a statement is exempt from the TCPA if the action is against a person primarily engaged in selling services and the statement arises from the sale of services. This provision has been construed to mean that for the exemption to apply, the statement must be made for the purpose of securing sales in the goods or services of the person making the statement.[74]

Thus the court equated "arises out of" from the TCPA exemption with "for

the purpose of" from the California exemption.

The *Kinney* court went too far. As the supreme court explained in

reversing and remanding *this* case, the primary goal of statutory construction

is "to give effect to the Legislature's intent, which requires us to first look to

the statute's plain language."[75] The Court went on to hold that the TCPA

does not require speech to be publicly communicated, because the plain

---

[72] *Id.* at *1.

[73] *Id.* at *6.

[74] *Id.* (citing *Newspaper Holdings*, 416 S.W.3d at 88–89).

[75] *Lippincott*, 2015 WL 1967025, at *1.

language of the statute contains no such requirement. "Had the Legislature intended to limit the Act to publicly communicated speech, it could have easily added language to that effect."[76]

The same goes for the *Kinney* decision. The plain language of the TCPA's commercial-speech exemption states that the statement or conduct must "arise out of" the sale or lease of goods.[77] Had the Legislature intended to include a state-of-mind requirement, it could have easily done so.[78]

### 3. Third element: the California exemption requires proof of the defendant's mental state, but the TCPA exemption does not.

This element was discussed in the immediately preceding section. The third element under the California exemption requires that the defendant's speech be self-serving.[79] There is no such *purpose* requirement in the TCPA exemption.

---

[76] *Id.* at *2.

[77] TEX. CIV. PRAC. & REM. CODE § 27.010(b).

[78] *See Lippincott*, 2015 WL 1967025, at *2.

[79] *Gore*, 230 P.3d at 1129.

4.  *Fourth element: both the California and the TCPA exemptions require proof of an intended audience, but they differ with respect to the scope of its applicability.*

The intended-audience element is found in both statutes. But there are two issues about its scope. First, the intended-audience prong of the TCPA exemption plainly applies only to speech or conduct that arises from "a commercial transaction." Second, courts have erred in holding that it applies only to speech aimed at the *defendant*'s customers.

(a)  <u>Under the Texas commercial-speech exemption, the intended-audience prong applies only to statements or conduct that arises from commercial transactions.</u>

Whisenhunt explained in his original briefing before this Court that the California exemption uses the conjunctive (all four elements must be met), while the Texas exemption uses the disjunctive (either element may be met).[80] This matters primarily for the intended-audience element of the exemption. The TCPA, as originally enacted, exempted commercial speech by a commercial speaker if the speech arose out of:

---

[80] Reply Br., at 22–23.

> [T]he sale or lease of goods, services, or an insurance product or a commercial transaction in which the intended audience is an actual or potential buyer or customer.[81]

The question is: which provisions are modified by the clause, "in which the intended audience is an actual or potential buyer or customer"? There are two possibilities. Either the *intended-audience* clause modifies *only* "a commercial transaction" or it modifies both (1) a commercial transaction *and* (2) the sale or lease of goods, services, or an insurance product. For three reasons, Whisenhunt maintains that the clause modifies *only* commercial transactions.

First, Whisenhunt's interpretation is favored by the last-antecedent rule. The last-antecedent rule states that "a qualifying phrase . . . modif[ies] the words or clause immediately preceding it."[82] The way to get a qualifying phrase to modify multiple preceding words or clauses, there should be a comma between the modifying clause and the last antecedent.[83] Of course, the

---

[81] Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011.

[82] *Stracener v. United Servs. Auto. Ass'n*, 777 S.W.2d 378, 383 (Tex. 1989).

[83] *See Ludwig v. State*, 931 S.W.2d 239, 241 (Tex. Crim. App. 1996) ("Generally, the presence of a comma separating a modifying clause in a statute from the clause immediately preceding is an indication that the modifying clause was intended to modify all the preceding clauses and not only the last antecedent one).

last-antecedent rule is "neither controlling nor inflexible."[84] Rather, it "must give way when there are indications that [it is] inapplicable."[85] But here, there are two other indications that support Whisenhunt's reading.

Second, Whisenhunt's interpretation is favored by the rule against surplusage. "In construing a statute, we give effect to all its words and, if possible, do not treat any statutory language as mere surplusage."[86] Here, however, commercial transactions *include* sales and leases, so to hold that the *intended-audience* element applies to sales and leases creates a redundancy. As an analogy, assume a statute exempts from subsidies "apples, oranges, or fruits that do not contain antioxidants." Does the statute exempt all apples or only apples that lack antioxidants? If the latter, then the inclusion of apples is redundant. The statute could simply exempt "all fruits that do not contain antioxidants." Similarly, had the Legislature wanted the *intended-audience* element to apply to sales or leases, it should have left those words out.

---

[84] *Cruz*, 452 S.W.3d at 523.

[85] *Stracener*, 777 S.W.2d at 383.

[86] *State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006).

Finally, the 2013 amendments to the commercial-speech exemption show more clearly that *intended-audience* element applies only to commercial transactions. Thus far, Whisenhunt has been quoting from the version of the exemption that applied at the time Appellees filed their motion. But later that year, the exemption was amended (to add the underlined phrase) as follows:

> This chapter does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.[87]

Notably, the Legislature *did not* add a comma after "commercial transaction" but *did* add one after "insurance product" *and* "insurance services." The addition of the latter phrase, set off by commas, enhances the clarity of the exemption. Now, there are three clearly distinct categories, and the effect of the last-antecedent rule is more marked.

For these reasons, the *intended-audience* element under the TCPA applies only to commercial transactions.

---

[87] TEX. CIV. PRAC. & REM. CODE § 27.010(b).

(b) Under both exemptions, the intended audience can be the potential buyers or customers of the plaintiff *or* the defendant.

At least two Texas courts have held that the intended audience must be the actual or potential buyers or customers of the *defendant*, not the plaintiff.[88] The California commercial-speech exemption, however, does not contain this requirement.[89] As one California court noted:

> [The commercial-speech exemption] does not require the potential purchaser be a "buyer or customer" of the defendant. There are no legislative committee reports which suggest that the potential purchaser be a "buyer or customer" of the defendant. Commercial speech directed at any "buyer or customer" including that of a plaintiff is within the scope of [the exemption. The language of [the exemption] does not require that the customer or buyer be one entering into a commercial relationship with the *defendant*.[90]

[88] *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 354 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (holding the exemption does not apply because the defendant's business ratings were aimed at the public at large (i.e. plaintiff's potential customers) rather than business who would potentially buy services from the ratings company); *Schimmel*, 438 S.W.3d at 858 (holding that lawyer's statements were not commercial speech because they were aimed at the City of Galveston, which was plaintiff's potential business partner not the lawyer's).

[89] *Brill Media Co., LLC v. TCW Group, Inc.*, 132 Cal. App. 4th 324, 342, 33 Cal. Rptr. 3d 371, 384 (2005) disapproved of on other grounds by *Gore*, 230 P.3d at 1117.

[90] *Id.*

The same is true of the TCPA's expemtion. There is no express language that prohibits its application to buyers or customers of the plaintiff.[91] Further, Whisenhunt could find no language in the legislative history to suggest such a reading. "Had the Legislature intended to limit the [exemption] to [defendant's potential customers], it could have easily added language to that effect."[92]

It is not surprising that the Legislature included no such limitation—it would make no sense to differentiate them. Under the First Amendment, commercial speech is afforded less constitutional protection than other types of speech.[93] But it is still protected to some extent, because consumers have an interest in the "free flow of commercial information."[94] Certainly, advertisements to one's own potential customers constitute commercial speech.[95] But speech about *someone else's* product must similarly invoke "the

---

[91] *See* TEX. CIV. PRAC. & REM. CODE § 27.010(b).

[92] *See Lippincott*, 2015 WL 1967025, at *2.

[93] *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 456 (1978).

[94] *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 764 (1976).

[95] *See id.*

free flow of commercial information." Such speech is just as "commercial" as speech about one's own.

**C. The TCPA commercial-speech exemption requires proof only of a commercial speaker and commercial speech.**

Once all the superfluous California elements are stripped away, the elements of the TCPA commercial-speech exemption are exposed. As Whisenhunt stated in his original briefing,[96] there are two elements. The TCPA does not apply to a legal action if:

1. The defendant is primarily engaged in the business of selling or leasing goods or services; and

2. The defendant's statement or conduct (on which the legal action is based) arises out of:

    a. the sale or lease of goods, services or an insurance product,

    b. insurance services, or

    c. a commercial transaction in which the intended audience is an actual or potential buyer or customer.[97]

---

[96] *See* Reply Br., at 21.

[97] *See* TEX. CIV. PRAC. & REM. CODE § 27.010(b).

Whisenhunt rests on his prior briefing for the application of this provision to the facts of this case.

## V. THE TRIAL COURT ERRED IN DENYING WHISENHUNT'S MOTION FOR LIMITED DISCOVERY.

Should this Court decide that Whisenhunt has not met his prima facie burden and further holds that the commercial-speech exemption does not apply, Whisenhunt respectfully requests that this Court remand the case to allow him to take limited discovery. Here, Whisenhunt made both a written and oral request for limited discovery under Section 27.006(b).[98] The Trial Court ruled on Appellees' motion without resolving these requests.[99] As such, the Trial Court implicitly denied the request for limited discovery.[100] This Court should reverse that denial.

---

[98] CR 37; RR 44.

[99] CR 49–50.

[100] *See Walker v. Gutierrez*, 111 S.W.3d 56, 60 (Tex. 2003) ("While the trial court did not explicitly rule on the [plaintiffs'] request for a grace period under section 13.01(g), we agree with the court of appeals that, by granting the motion to dismiss, the trial court implicitly denied the motion seeking a grace period."); *Williams v. Bank One, Texas, N.A.*, 15 S.W.3d 110, 114 (Tex. App.—Waco 1999, no pet.) (holding that trial court implicitly denied a motion to continue a summary judgment hearing by granting summary judgment).

Section 27.006(b) provides: "On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion."[101] Because the statute uses the word "may," the standard of review is abuse of discretion.[102] Ordinarily, a trial court has broad discretion over discovery matters.[103] However, a trial court "can abuse its discretion by acting unreasonably."[104] Further, the trial court "is not vested with unlimited discretion, and is required to exercise a sound and legal discretion within the limits created by the circumstances of a particular case."[105] For example, reversal is appropriate when "there has been a disregard of the rights of a party."[106] Additionally, "[b]asic due process requires that when a decision maker is called upon to make a decision

---

[101] TEX. CIV. PRAC. & REM. CODE § 27.006(b).

[102] *Dallas County Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 873 (Tex. 2005).

[103] *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999).

[104] *In re Am. Home Assur. Co.*, 88 S.W.3d 370, 373 (Tex. App.—Texarkana 2002, no pet.).

[105] *Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011).

[106] *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986).

grounded on evidence, the parties involved should be provided fair notice and a *meaningful opportunity* to present their evidence."[107]

The TCPA does not define "good cause," so its technical or plain-meaning definition applies.[108] Good cause is generally defined as "the burden placed on a litigant (usually by court rule or order) to show why a request should be granted or an action excused."[109] Texas courts have not arrived at a uniform standard for making the good-cause showing. In *Bilbrey*, the court held that the plaintiff did not meet the standard because he failed to state the purpose for the discovery he sought.[110] Conversely, in *Charalambopoulos v. Grammer*, the court held that the plaintiff met the good-cause standard because he "sought discovery of evidence that is effectively within the exclusive control of [the defendant] and/or her agents, and this evidence may

---

[107] *United Copper Indus., Inc. v. Grissom*, 17 S.W.3d 797, 805 (Tex. App.—Austin 2000, pet dism'd) (emphasis added).

[108] *See Lipsky*, 460 S.W.3d at 590 ("Words and phrases that are not defined by statute and that have not acquired a special or technical meaning are typically given their plain or common meaning.").

[109] *Cause*, BLACK'S LAW DICTIONARY (10th ed. 2014).

[110] *Bilbrey*, 2015 WL 1120921, at *15.

enable him to establish by clear and specific evidence a prima facie case as to the remaining grounds for his defamation claims."[111]

Here, Whisenhunt's request for limited discovery should have been granted for several reasons. First, Whisenhunt stated his purpose for seeking additional discovery—if the trial court were inclined to hold that he failed to meet his prima facie burden, he should be allowed limited discovery to make that showing.[112] Second, he pointed out the specific discovery he needed.[113] And third, Whisenhunt showed good cause for seeking limited discovery. He explained that he needed limited discovery because he believed he could rely on his pleadings for proof and that there had not been adequate time to discover any additional facts necessary to make the showing.[114]

---

[111] *Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2015 WL 390664, at *19 (N.D. Tex. Jan. 29, 2015).

[112] RR 44.

[113] RR 28 (explaining the need for discovery on damages); RR 31–32 (explaining that Whisenhunt needed discovery to prove: (1) to whom the defamatory statements were; and (2) which surgeons did not want to work with Whisenhunt as a result of Appellees' accusations).

[114] *Id.*

It is indisputable that Whisenhunt was deprived of a "meaningful opportunity" to present his prima facie evidence.[115] The short history of the TCPA itself bears this out. As originally enacted, the TCPA provided that a party may request limited discovery.[116] But the court had no discretion to continue the hearing on the motion to dismiss—it had to be held within 30 days.[117] In 2013, the Legislature amended the TCPA to allow more time.[118] As amended, a hearing has to be held within *60* days, and if the request for additional discovery is granted, the hearing can be held as late as 120 days after the motion is served.[119] Thus, even the Legislature has recognized that 30 days is not enough time to respond to a TCPA motion, especially if discovery is needed to meet the prima facie burden.

---

[115] *See Grissom*, 17 S.W.3d at 805.

[116] Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011.

[117] *Id.*

[118] *See* Acts 2013, 83rd Leg., R.S., Ch. 1042 (H.B. 2935), § 1, eff. June 14, 2013, *available at* http://www.legis.state.tx.us/tlodocs/83R/billtext/html/HB02935F.HTM (last visited Aug. 3, 2015).

[119] *See* TEX. CIV. PRAC. & REM. CODE § 27.004(a), (c).

Here, Whisenhunt had just *two weeks* to respond to Appellees' motion.[120] Further, at the time of the hearing, there were seven appellate cases citing the TCPA, but six of them did not reach the merits of the TCPA motion to dismiss.[121] The only one that did was *Avila v. Larrea*, which involved a media defendant and thus a different set of standards.[122] For example, the *Avila* court held that the plaintiff had the burden to prove falsity.[123] It is unclear from the opinion whether the parties argued the truth/falsity burden

[120] CR 25 (showing date of service of motion); RR 1 (showing date of hearing).

[121] *Jennings v. WallBuilder Presentations, Inc. ex rel. Barton*, 378 S.W.3d 519, 529 (Tex. App.—Fort Worth 2012, pet. denied) (dismissing appeal for want of jurisdiction); *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14-12-00896-CV, 2013 WL 407029, at *4 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, no pet.) (denying a motion to dismiss for want of jurisdiction); *In re Sierra Club*, No. 08-12-00282-CV, 2012 WL 5949789, at *1 (Tex. App.—El Paso Nov. 28, 2012, no pet.) (denying, without opinion, a mandamus petition from a TCPA discovery order); *Texas Allergy, Asthma & Immunology Soc'y v. United Biologics, LLC*, No. 03-12-00008-CV, 2012 WL 5494282, at *1 (Tex. App.—Austin Nov. 8, 2012, no pet.) (granting a request for additional briefing); *Lipsky v. Range Prod. Co.*, No. 02-12-00098-CV, 2012 WL 3600014, at *1 (Tex. App.—Fort Worth Aug. 23, 2012, pet. denied) (dismissing appeal for want of jurisdiction); *In re Avila*, No. 05-12-00094-CV, 2012 WL 215141, at *1 (Tex. App.—Dallas Jan. 24, 2012, no pet.) (denying a mandamus petition from a TCPA discovery order as premature).

[122] *Avila v. Larrea*, 394 S.W.3d 646, 657 (Tex. App.—Dallas 2012, pet. denied) (explaining that media defendants "can defeat a defamation cause of action by establishing the 'substantial truth' of the broadcast"); *id.* at 659 (explaining that a media defendant can defeat a defamation claim by proving that it was merely reporting third-party allegations and the content is accurately reported, even if the underlying statement was false).

[123] *Id.* at 657.

or whether the court simply assumed it. Nevertheless, the court was correct that the burden to prove falsity was on the plaintiff, because case involved a media defendant.[124] Thus the one case on which Whisenhunt could rely was inapplicable.

So Whisenhunt had two weeks to respond to Appellees' TCPA motion and virtually no guidance regarding his burden of proof. He explained to the Trial Court that his pleadings and evidence established each element of his causes of action.[125] But he also explained to the court that there had not been enough time to conduct discovery.[126] And he expressly requested additional time to conduct discovery.[127] This request was implicitly denied, with no analysis or explanation as to why, when the Court ruled on Appellees' motion to dismiss about a month later.[128]

---

[124] *See* TEX. CIV. PRAC. & REM. CODE § 73.005 (establishing truth as an affirmative defense to libel); *Klentzman*, 312 S.W.3d at 898 (explaining that at common law, falsity was presumed and truth was an affirmative defense, but in cases involving media defendants and matters of public concern, the First Amendment shifts the burden to the plaintiff to prove falsity).

[125] CR 30–36; RR 32–34.

[126] RR 28, 32.

[127] RR 44.

[128] CR 49–50.

Under the "circumstances of [this] particular case," the Trial Court's denial of Whisenhunt's request to take limited discovery was a "disregard of [Whisenhunt's] rights."[129] Specifically, the denial deprived Whisenhunt of any "meaningful opportunity" to present his prima facie case.[130] As such, the Trial Court abused its discretion and should be reversed. In the event this Court finds that Whisenhunt did not meet his prima facie burden and this case does not fall within the commercial-speech exemption, Whisenhunt prays that this Court reverse the Trial Court's denial of his request for limited discovery and remand the case back to the Trial Court with instructions to allow Whisenhunt to conduct the limited discovery he sought.

## VI. THIS COURT SHOULD REMAND TO ALLOW WHISENHUNT TO REPLEAD.

In *Lipsky*, the supreme court held that the TCPA creates a pleading standard. The Court noted that while ordinarily, fair-notice pleading is sufficient, the TCPA requires more: "mere notice pleading—that is, general

---

[129] *Iliff*, 339 S.W.3d at 81; *Yowell*, 703 S.W.2d at 635.

[130] *Grissom*, 17 S.W.3d at 805.

40

allegations that merely recite the elements of a cause of action—will not suffice."[131]

This presents an obvious conundrum. Does the heightened pleading standard attach when the plaintiff files the lawsuit or does it attach when the defendant files a TCPA motion to dismiss? If it attaches when the lawsuit is filed, then the plaintiff would need to *anticipate* a TCPA motion and plead accordingly. But this sort of preemptory pleading has never been required in Texas.[132] Thus the heightened pleading burden must attach when the defendant invokes the TCPA by filing a motion to dismiss. But that too poses a problem. If the plaintiff fails to anticipate the TCPA motion, dismissal is certain in light of *Lipsky*. That is, a defendant could secure dismissal by merely showing that the plaintiff failed to meet the *Lipsky* pleading standard.[133]

---

[131] *Lipsky*, 460 S.W.3d at 590–91.

[132] *Cf. Dial v. Wilke*, 127 S.W.2d 379, 384 (Tex. Civ. App.—Amarillo 1939 writ ref'd) (holding that the plaintiff does not have to plead that the defendant is a non-subscriber to workers' compensation laws until the defendant raises prohibited defenses, because, at the time the plaintiff filed his petition, "he could not anticipate what defenses the appellee would present.").

[133] *See Lipsky*, 460 S.W.3d at 591 (holding that to avoid dismissal, a plaintiff must plead "enough detail to show the factual basis for its claim").

The only way around this conundrum is to allow the plaintiff to amend his pleading once the defendant files the TCPA motion and the pleading deficiency is illuminated. The opportunity to cure defective pleadings has been enshrined in Texas law for at least a century.[134] And as the Fifth Court of Appeals has pointed out, "Texas law does not favor dismissal on pleadings, death-penalty sanctions, or hearings without notice. It does favor liberal amendment of pleadings and affording litigants the opportunity to cure defects in pleadings whenever possible."[135]

Moreover, both the Texas Supreme Court and this Court may remand a case to the trial court in the interest of justice.[136] Texas courts have applied this rule to circumstances where the law was changed while the case was on appeal and where the applicable law was unsettled at the time of trial.[137] Courts

---

[134] *See Harrell v. Houston*, 66 Tex. 278, 281, 17 S.W. 731, 732 (1886) (holding that where pleadings are "prolix and confused" a trial court should "require the parties to replead").

[135] *KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 899 (Tex. App.—Dallas 2003, no pet.).

[136] TEX. R. APP. P. 60.2(f); *Morrow v. Shotwell*, 477 S.W.2d 538, 542 (Tex. 1972) (holding that former Civil Rule 505, the predecessor to Appellate Rule 60.2, applies to the courts of appeals).

[137] *Cardiac Perfusion Services, Inc. v. Hughes*, 436 S.W.3d 790, 792 (Tex. 2014) (remanding in the interests of justice where plaintiff relied on precedent that was overruled); *Valenzuela v. Aquino*, 853 S.W.2d 512, 514 (Tex. 1993) (same).

have applied the rule where justice required an opportunity to replead,[138] a new hearing,[139] or a new trial.[140] Further, remand in the interest of justice "is particularly well-suited to situations . . . where courts must apply the requirements of a unique or novel statutory scheme."[141]

In the event that this Court disagrees that Whisenhunt met his prima facie burden, Whisenhunt respectfully requests that this Court remand this case to provide him an opportunity to replead his causes of action in the interests of justice. When Whisenhunt filed his petition, he had no reason to know that the Legislature had revoked fair-notice pleading for his causes of action. Fair-notice pleading is a standard that had been at the heart of Texas

---

[138] *Park v. Escalera Ranch Owners' Ass'n, Inc.*, 457 S.W.3d 571, 603 (Tex. App.—Austin 2015, no pet.).

[139] *In re Doe 2*, 19 S.W.3d 278, 283 (Tex. 2000).

[140] *Hamrick v. Ward*, 446 S.W.3d 377, 385 (Tex. 2014).

[141] *In re Doe 2*, 19 S.W.3d at 283.

jurisprudence for a century and a half,[142] and upheld by the Texas Supreme Court at least five times in as many years before he filed his lawsuit.[143]

This Court should remand this case in the interests of justice. The new pleading standard was adopted during the pendency of Whisenhunt's appeal. And the new pleading standard was derived from a "unique or novel statutory scheme." In light of the unique procedural posture of this case, if this Court finds that Whisenhunt's pleadings do not satisfy the standard announced in *Lipsky*, it should, in the interest of justice, remand to the trial court to allow Whisenhunt to replead with the required factual specificity.

---

[142] *Gray v. McFarland*, 29 Tex. 163, 166 (1867) ("The object of all pleading is to put the opposite party upon fair notice of the facts relied on as the cause of action or the ground of the defense.").

[143] *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 648 (Tex. 2012) (holding that the plaintiff's pleadings met the fair-notice standard); *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 248 (Tex. 2011) (same); *Univ. of Texas Sw. Med. Ctr. at Dallas v. Estate of Arancibia ex rel. Vasquez-Arancibia*, 324 S.W.3d 544, 552 (Tex. 2010) (noting that "pleadings must give fair notice of a claim"); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009) (noting similarities between summary judgment standard and fair-notice pleading standard); *Texas Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 37 (Tex. 2008) (noting that fair-notice standard requires pleadings that allow the opposing party to ascertain "the nature, basic issues, and the type of evidence that might be relevant to the controversy").

## CONCLUSION AND PRAYER

For the foregoing reasons, Whisenhunt respectfully requests that this Court (1) affirm as to the non-dismissal of his defamation claim but reverse as to the dismissal of his other claims; or (2) remand to take limited discovery or in the interest of justice. Whisenhunt further prays for all other relief, at law or in equity, to which he shows himself justly entitled.

Respectfully Submitted,

/s/ Farbod Farnia

Farbod Farnia
State Bar No. 24078493
ffarnia@mccathernlaw.com
H. Arnold Shokouhi
State Bar No. 24056315
ashokouhi@mccathernlaw.com
Ty M. Sheaks
State Bar No. 24042416
tsheaks@mccathernlaw.com
Stephanie M. Almeter
State Bar No. 24078141
salmeter@mccathernlaw.com
**MCCATHERN, PLLC**
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
(214) 741-2662 – Phone
(214) 741-4717 – Fax

*Attorneys for Appellant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, I certify that this Brief contains 8,824 words.

/s/ Farbod Farnia
Farbod Farnia

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing brief was served on the following counsel and parties in the manner indicated on August 3, 2015.

/s/ Farbod Farnia
Farbod Farnia